IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | CIVIL NO. 1:CV-11-2205 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

**I.     Background**

Brett T. Culver ("Culver"), an inmate currently confined at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Pennsylvania, filed this civil rights action on November 29, 2011, pursuant to 42 U.S.C. § 1983. Along with the complaint, Culver filed motions seeking leave to proceed in forma pauperis (Doc. No. 2, 9) and a motion for the appointment of counsel (Doc. No. 4). Named as Defendants are employees at SCI-Mahanoy. In the complaint, Culver claims that Defendants failed to protect him from assault by another inmate when they informed the other inmate that Culver had made complaints against him. Culver claims that said deliberate action by Defendants was a total disregard for his safety and incited hostility against him resulting in the other inmate attacking him and breaking his jaw. Culver further sets forth claims with respect to the inadequate care he received for his jaw following the incident. He also sets forth claims with respect to the denial of adequate nutrition following the incident, the denial of due process and retaliation. For the reasons that follow, the motions to proceed in forma pauperis will be granted, and the motion for counsel will be denied without prejudice. In addition, the Clerk of Court will be directed to forward the complaint to the United States Marshal for service upon the Defendants.

**II.     Discussion**

In moving for the appointment of counsel Culver argues that: (1) his case involves complex legal issues; (2) he is greatly limited in litigating the case due to his incarceration; (3) he has limited access to the law library and limited knowledge of the law; (4) he suffers from psychological conditions that alter his competency to litigate; and (5) the case will involve conflicting testimony that an attorney is better equipped to handle. (Doc. No. 4.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Culver's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

    2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

    4. The plaintiff's capacity to retain counsel on his or her own behalf;

    5. The extent to which a case is likely to turn on credibility determinations; and

    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

    The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint, Culver is obviously literate and clearly able to litigate this action on his own. The complaint is well-drafted and clearly sets forth the claims he desires to pursue in this matter. He has filed the instant motion for counsel, and cited to relevant legal authority therein. This clearly implies that he has access to legal resources, and the ability to understand and present relevant legal authority, even though he may not have the ability to visit the law library as often as he chooses. It cannot be said, at least at this point, that Culver will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Culver's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. In addition, the Clerk of Court will be directed to forward Culver's complaint (Doc. No. 1) to the United States Marshal for service upon the Defendants named therein. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | CIVIL NO. 1:CV-11-2205 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 14th day of December, 2011, in accordance with the attached Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 2, 9) are construed as motions to proceed without full prepayment of fees and costs, and are **granted**.[1]

2. Plaintiff's motion for the appointment of counsel (Doc. No. 4) is **denied without prejudice**.

3. The Clerk of Court is directed to forward Plaintiff's complaint (Doc. No. 1), along with a copy of this order, to the United States Marshals Service for service upon the named Defendants.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania

---

[1] Plaintiff completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on December 12, 2011 (Doc. No. 11), directing the warden at SCI-Mahanoy to commence deducting the full filing fee from Plaintiff's prison trust fund account.