**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | **CIVIL NO. 1:CV-11-2205** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Brett T. Culver filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 29, 2011. In the complaint, he alleges that employees at SCI-Mahanoy failed to protect him from an assault by another inmate after they informed said inmate that Culver had made complaints about him. Culver also sets forth inadequate medical care claims with respect to the injuries he sustained from the assault. Presently pending on the docket are motions to dismiss filed by Defendants Specter, the Corrections Defendants and the Medical Service Providers. (Doc. Nos. 14, 32, 44.) Also pending is a motion for partial summary judgment filed by Specter. (Doc. No. 56.) These motions will be addressed in a separate Memorandum. At this time, the Court will address other miscellaneous pending motions including Plaintiff's fourth and fifth motions for counsel (Doc. Nos. 52, 59) and his request for entry of default with respect to several Defendants (Doc. No. 35).

## I.     MOTIONS FOR COUNSEL

On December 14, 2011, the Court issued an order directing service of the complaint and also denying without prejudice Culver's motion for the appointment of counsel in this matter. (Doc. No. 12.) On January 26, 2012, Culver filed a second request for the appointment of

counsel raising the same grounds in support of counsel that were previously considered and rejected by the Court in the decision issued on December 14, 2011.  Because the Court had thoroughly set forth the standard utilized for deciding a motion for counsel in the prior order, and because Plaintiff advanced the same arguments in support of counsel and no circumstances had changed that would warrant the appointment of counsel in this matter, his second motion was denied without prejudice on February 3, 2012.  (Doc. No. 30.)  On February 22, 2012, Culver filed his third request for the appointment of counsel in this case.  (Doc. No. 41.)  Again, he set forth the identical arguments in support of counsel previously presented to and rejected by the Court.  Accordingly, for the same reasons set forth in the Court's opinions of December 14, 2011 and February 3, 2012 (Doc. Nos. 12, 30), Culver's third motion for counsel was denied without prejudice.

Presently pending are Culver's fourth (Doc. No. 52) and fifth (Doc. No. 59) motions for counsel.  Once again he advances the same arguments in support of his requests for counsel.  He emphasizes that he lacks the means to hire an attorney and is without adequate legal knowledge to litigate this action.  He further contends that the case is complex, that he is limited by his imprisonment, and that he suffers from "impairing conditions" due to his injuries.  The Court has previously considered these arguments in determining whether the appointment of counsel was warranted in this case and has rejected them.  Further, to the extent Culver attempts to raise the new argument that Defendants are sabotaging his abilities to pursue his pending complaint, the docket in this case undermines any such contention.  Culver is experiencing no problem in filing motions, responding to motions filed by Defendants, or corresponding with the Court.  For these reasons, his fourth and fifth motions for counsel will be denied without prejudice.  If future

proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a properly filed motion.

## II. ENTRY OF DEFAULT

Also pending in this matter is Culver's motion for the entry of default. In the motion Culver seeks the entry of default with respect to Alice Chipriano, an individual he refers to as a Health Care Administrator at SCI-Mahanoy. (Doc. No. 35.) In the certificate of service attached to the declaration, however, Culver states that he requests the entry of default not only with respect to Chipriano, but also with respect to Health Care Doctors Arias, Lisiak and Gustitus.[1] The Court will deny Culver's motion.

In the caption of the complaint, Culver names the following Defendants: James Specter, a private practice oral surgeon; Robert Moczulski, SCI-Mahanoy dentist; Mr. Muick, E-Unit Manager at SCI-Mahanoy; Mrs. Marahelko, E-Unit Block Officer at SCI-Mahanoy; Ms. Stanitis, SCI-Mahanoy Food Services Supervisor; All SCI-Mahanoy Health Care Doctors; Medical Services Provider to SCI-Mahanoy; and Health Care Administrators to SCI-Mahanoy. On January 23, 2012, a Notice of Appearance was filed on behalf of the following Corrections personnel by Raymond Dorian, Esquire: Defendants Moczulski, Muick, Marhelko and Stanitis. He also entered his appearance on behalf of Marva Cerullo, a health care administrator at SCI-Mahanoy. (Doc. No. 21.) On January 27, 2012, a waiver of service was also filed on behalf of the above individuals. (Doc. No. 25.) There has been no entry of appearance or proof of service

---

[1] It appears that Plaintiff may have intended to submit a separate declaration seeking default with respect to the Health Care Doctors, but it does not appear to have been filed/docketed by the Clerks Office. Nevertheless, based upon the attached certificate of service, it is clear that the intent of this pro se Plaintiff is to request the entry of default with respect to the three doctors he references as well as Chipriano.

of the complaint with respect to Alice Chipriano.

Chipriano is referred to as a defendant within the body of the complaint at various points and claims are explicitly directed against her. However, because she was not included in the caption of the complaint or in the section of the complaint labeled "Defendants," the complaint was never served upon. As such, any entry of default with respect to this individual would be improper. However, it does appear that Plaintiff intended Chipriano to be a defendant in this action, but merely failed to specifically identify her in the caption of the complaint. Accordingly, the Clerk of Court will be directed to add Chipriano to the docket as a defendant in this action. In addition, the United States Marshal will be directed to serve a copy of the complaint and this Memorandum and Order upon her.

The identical situation has arisen as to Doctors Arias, Lisiak and Gustitus. While it appears that these individuals are doctors contracted to perform services at SCI-Mahanoy, Culver did not identify them in the caption of his complaint or in the section of the complaint labeled "Defendants." However, in the body of the complaint he does refer to Doctors Lisiak and Gustitus as defendants, and sets forth claims against them. Dr. Arias is not mentioned anywhere in Culver's complaint. As with Chipriano, these individuals were never served with a complaint. Therefore, entry of default judgment against these individuals would be improper. However, because Drs. Lisiak and Gustitus were clearly intended to be named as defendants in this action as evidenced by the claims set forth against them in the complaint and Culver's reference to them as defendants in the body of the complaint, the Clerk of Court will be directed to add them to the docket as defendants in the complaint and provide a copy of the complaint and this Memorandum and Order to the United States Marshal for service upon them. The Court will

not direct the same with respect to Dr. Arias as he is not referenced in the complaint.

### III.    MISCELLANEOUS FILINGS

On February 23, 2012, Defendant Specter filed a motion to strike a sur-reply brief filed by Culver with respect to Specter's motion to dismiss the complaint. (Doc. No. 43.) The motion to dismiss was fully briefed on February 2, 2012 when Specter submitted his brief in reply to Culver's opposition to the motion to dismiss. However, on February 22, 2012, Culver submitted a sur-reply brief. Defendant Specter correctly cites to Local Rule 7.7 of the Local Rules of the Middle District of Pennsylvania in support of his argument that the filing of a sur-reply brief without leave of the Court is not permitted. Pursuant to Rule 7.7, a brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen days after service of the opposition brief. This Rule specifically provides that no further briefs may be filed without leave of court. Accordingly, Specter's motion to strike the sur-reply brief will be granted, and the Clerk of Court directed to strike the sur-reply from the record.

On March 2, 2012, Culver filed a "Letter to the Court" wherein he complains that he is being denied mailing service by the SCI-Mahanoy staff and that this conduct is negatively impacting his ability to file documents in his case. He states that he has two different actions pending in two different courts and that the number of envelopes he is permitted each month is not enough to meet his needs. (Doc. No. 46.) First, even if the Court construes Plaintiff's filing as a motion, it would be deemed withdrawn in that no supporting brief has ever been submitted. See M.D. Pa. L. R. 7.5. More importantly, through the filing of any such motion, Plaintiff appears to raise new claims against new Defendants, i.e., the mail room staff. Also, even if he were to allege that any of the Defendants named in this action had any involvement in denying

him mail services, the docket clearly undermines his argument. It is clear that Plaintiff is actively litigating this case and has no difficulty mailing documents to this Court. For these reasons, any request for relief raised by Plaintiff in his filing of March 2, 2012, will be denied without prejudice to any right he may have to pursue these claims in a new action.

On March 9, 2012, Culver filed a motion for extension of time within which to file his brief in opposition to the Medical Service Providers' motion to dismiss the complaint. (Doc. No. 48.) Prior to any ruling on the motion, Culver filed his brief in opposition to the motion on April 9, 2012. (Doc. No. 55.) As such, the Court will grant the motion for extension of time <u>nunc pro tunc</u>, and the brief submitted by Plaintiff on April 9, 2012 will be deemed timely filed.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | **CIVIL NO. 1:CV-11-2205** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** on this 14th day of August 2012**, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motions for the Appointment of Counsel (Doc. Nos. 52, 59) are **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Motion for the Entry of Default (Doc. No. 35) is **DENIED**.

3. The Clerk of Court is directed to add the following parties to the docket as defendants in this action: Alice Chipriano, Dr. Lisiak and Dr. Gustitus. The Clerk of Court is further directed to forward a copy of Plaintiff's complaint (Doc. No. 1), along with a copy of this order, to the United States Marshals Service for service upon Defendants Chipriano, Lisiak and Gustitus.

4. Defendant Specter's Motion to Strike Plaintiff's Sur-reply Brief (Doc. No. 43) is **GRANTED**. The Clerk of Court is directed to strike the sur-reply brief (Doc. No. 39) from the record.

5. Plaintiff's letter to the Court filed on March 2, 2012 (Doc. No. 46) is construed to be a request for relief and is **DENIED WITHOUT PREJUDICE**.

6. Plaintiff's motion for extension of time to file his opposition to Defendant Specter's motion to dismiss (Doc. No. 48) is **GRANTED NUNC PRO TUNC**. The opposition brief filed by Plaintiff to Specter's motion filed on April 9, 2012, is deemed to be timely filed.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania