IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | CIVIL NO. 1:CV-11-2205 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Brett T. Culver filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 29, 2011. In the complaint, he alleges that employees at SCI-Mahanoy failed to protect him from an assault by another inmate after they informed said inmate that Culver had made complaints about him. Culver also sets forth inadequate medical care claims with respect to the injuries he sustained from the assault. He also appears to raise state medical negligence claims against Defendants. Presently before the Court for consideration are motions filed by Defendant Specter to dismiss the Second, Third and Sixth Causes of Action in the complaint (Doc. No. 14), and for partial summary judgment with respect to the Seventh Cause of Action for failure to file a certificate of merit (Doc. No. 56). Also pending are motions by Plaintiff seeking a determination as to the necessity of filing a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3 (Doc. No. 53) and for enlargement of time within which to submit a certificate of merit (Doc. No. 61).

**I.   BACKGROUND**

Culver alleges that on December 3, 2009, while confined at SCI-Mahanoy, Defendants Muick and Marhelko failed to protect him from an assault by another inmate when they informed

the other inmate that Culver had made complaints against him. According to Culver, this alleged deliberate action by Defendants constituted a total disregard for his safety and incited hostility against him which resulted in the other inmate attacking him and breaking his jaw. He reported to the prison's medical department where he was seen by Defendant Moczulski, the prison dentist. He was thereafter transported to see Defendant Specter, a private practice oral surgeon contracted by the Pennsylvania Department of Corrections to provide services to SCI-Mahanoy. Specter admitted Culver to the Wilkes-Barre General Hospital the same day, but treatment was postponed until the following day, December 4, 2009.

On December 4, 2009, Specter performed a surgical procedure wherein Culver alleges Specter failed to properly repair the broken jawbone. Culver further contends that the broken bone parts were incorrectly attached to his teeth, causing permanent damage and disfigurement. Culver was returned to SCI-Mahanoy the same day where he claims various SCI-Mahanoy Defendants disregarded his complaints about his condition and the visible need for proper treatment of his injury.

On January 7, 2009, Culver received follow-up treatment from Specter. Culver believes that during this second consultation Specter used propofol to sedate him to remove the surgical hardware previously implanted – Culver questions the propriety of using propofol in the private office setting. He claims that without taking x-rays, Specter stated that his treatment was complete and the fractures mended. He was thereafter returned to SCI-Mahanoy. Once at SCI-Mahanoy, Culver claims that he voiced complaints at sick call due to the excruciating pain he was experiencing from the improper repair of his jaw, but was ignored. On January 13, 2012, he went to the prison dental department and requested x-rays. He states that Defendants

conceded to the x-rays and thereafter confirmed that he had unrepaired, existing fractures. Although he was admitted to the facility infirmary and prescribed a pureed diet, he claims he did not receive any medical attention for his injuries and was not provided with the proper food.

Culver was again seen by Specter on January 28, 2010, and explained to him the problems he was experiencing. Specter disregarded his complaints and maintained that no unrepaired fractures existed and an x-ray was not necessary. Specter thereafter sedated Culver and performed a second surgical procedure whereby he inserted more wiring and anchoring devices. Culver claims that his lower jaw was pulled and harnessed and that this conduct by Specter worsened his condition and caused him "tormenting" pain and permanent damage. Culver was thereafter returned to SCI-Mahanoy where the prison medical personnel disregarded his complaints of pain and requests for treatment.

On February 16, 2010, Culver states he was "forcibly resubjected" to treatment by Specter who continued to ignore his complaints. Following his return to the prison, Culver's requests for medical intervention to the SCI-Mahanoy Defendants, including Defendant Moczulski, were ignored.

On March 5, 2010, Culver was again taken to see Specter and complained of the excruciating pain he was experiencing from the wired device in his mouth, and the impact it was having on his teeth/bridge. Not only were his complaints ignored, but Specter tightened the wires in his mouth causing further pain and displacement of his teeth. Once returned to SCI-Mahanoy, requests for medical care made to the medical staff and Defendant Moczulski were denied.

Culver was again sent back to see Specter on March 9, 2010. Specter removed the wires

securing his jaw together, but the installments anchoring his teeth were not removed and caused further pain. Specter scheduled an appointment for Culver to return on March 23, 2010, for the removal of the installments. After his return to SCI-Mahanoy, he made complaints over the span of approximately two weeks to the prison dental department, medical staff and administrators, but was ignored.

On March 23, 2012, Culver was taken back to see Specter and requested that his jaw be rebroken and reset properly. Specter told Culver he was fully mended and that his teeth and settings were in perfect alignment. No x-rays were taken. At this appointment Specter did not remove the anchored installments as he previously promised to do. Rather, he rewired Culver's jaw back together causing him more torture and pain. When Culver was returned to SCI-Mahanoy, he pleaded with the medical and dental departments for treatment, including Defendants Chippiano and Lisiak, during the time period from March 24, 2010, through April 11, 2010, but no action was taken.

Culver was last seen by Defendant Specter on April 15, 2010. At this time, he claims Specter started ripping out the wires anchored to his teeth roots without any sedation. Specter informed him that his treatment was finished, and that his jaw and teeth were in perfect alignment. The remainder of the complaint sets forth allegations of inadequate medical care with respect to his condition against defendants other than Defendant Specter.

Based on the foregoing, Culver claims Specter was deliberately indifferent to his medical needs and negligent in violation of the Eighth Amendment. He further maintains that Specter's actions violated the Fourteenth Amendment. He also asserts a claim of medical malpractice under state law. He seeks relief in the amount of $500,000.00 against Specter.

4

## II.   MOTION TO DISMISS

### A.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 555 (requiring plaintiffs to allege

facts sufficient to "raise a right to relief above the speculative level). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949. When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### B.    Discussion

Defendant Specter maintains that Culver has failed to set forth viable Eighth Amendment inadequate medical care claims against him. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192,197 (3d Cir.1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts

from which the inference could be drawn that a substantial harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 841. Only egregious acts or omissions violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 9 (3d Cir. 1990).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill, 372 F.3d at 235. An inmate's disagreement with medical treatment also does not rise to the level of "deliberate indifference." See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

Culver's claim of deliberate indifference in violation of the Eighth Amendment rests on perilously weak footing. Nearly all allegations set forth in the complaint reveal little more than Culver's disagreement with the manner in which Defendant Specter performed oral surgery. Such disagreements, even if one were to assume that Culver was correct in his contention that Defendant Specter should have followed Culver's instructions in performing medical procedures, are insufficient to support an Eighth Amendment claim. Accepting as true the factual allegations set forth by Culver and drawing all reasonable inferences in his favor, however, the Court finds that the Eighth Amendment deliberate indifference claims must be permitted to proceed at this juncture. Allegations regarding "ripping out wires anchored to teeth roots" without sedation and performing procedures for "no purpose other than damaging teeth and gums," could if accepted

as true support and Eighth Amendment claim. This is not to say that Culver will ultimately prevail on his claims, but he will at least be permitted the opportunity to develop his claims through discovery. However, to the extent he maintains that Specter was "negligent" and therefore violated the Eighth Amendment, any such claims are without merit. Medical malpractice is not a constitutional violation.[1] Defendant also seeks to strike the complaint in its entirety because Culver fails to comply with Local Rule 8.1 of the Middle District of Pennsylvania Local Rules. Pursuant to said Rule, a prayer for relief which seeks a specific amount of damages must be stricken. See M.D. Pa. L. R. 8.1 (a demand for judgment "shall not claim any specific sum where unliquidated damages are involved"). In his prayer for relief, Culver seeks $500,000.00 as compensatory damages and $80,000.00 in punitive damages against Specter. Based upon this provision in Local Rule 8.1, the Court will strike only that portion of the complaint that seeks specific sums of money damages.

## III.    CERTIFICATE OF MERIT

Finally, the Court will address the necessity of the filing of a certificate of merit as it relates to the claims raised against Defendant Specter. On February 9, 2012, the Corrections Defendants – who notably do not include Defendant Specter – filed a motion to dismiss based in part on Culver's failure to file a certificate of merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. (Doc. No. 32, 33.) Culver responded on March 20, 2012, by filing a motion pursuant to Rule 1042.6(c) of the Pennsylvania Rules of Civil Procedure

---

[1] The Court also notes that any claim of the denial of due process under the Fourteenth Amendment due to Specter's inadequate medical care will also be dismissed. Such claims are reviewable under the Eighth Amendment for those individuals who have been convicted of a crime as opposed to pre-trial detainees. See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005).

to seek a determination from the Court regarding the necessity of a certificate of merit in the present action. (Doc. No. 53.) For the first time on April 17, 2012, Defendant Specter raised the issue of Culver's failure to file a certificate of merit in his motion for summary judgment. (Doc. No. 56.) Two weeks later, on May 1, 2012, Culver moved for an extension of time to file a certificate of merit. (Doc. No. 61.)

In his motions, Culver argues that because he is pro se, he only learned of the need to do so through a filing of the Corrections Defendants in this case. He further argues that the conditions and injuries he incurred are within the experience and comprehension of even non-professional persons thereby suggesting that he is relieved from any requirement of filing a certificate of merit in this case. Defendant Specter contends that summary judgment is warranted with respect to his state law malpractice and medical negligence claims based on Culver's failure to file a certificate of merit in accordance with Pa. R. Civ. P. 1042.3. Defendant Specter further contends that a motion for extension of time should be denied because it was filed more than thirty days after the Corrections Defendants raised the issue in their motion to dismiss. The Court will first consider the necessity of the filing of a certificate of merit in this action, and will then address whether dismissal is warranted based on Culver's failure to file such a certificate.

Under Pennsylvania law, any medical malpractice claim must be accompanied by a certificate of merit that must be filed within sixty days of the filing of the complaint. Pa. R. Civ. P. 1042.3(a)(1). This is a substantive rule that applies with equal force to claims of medical malpractice based on Pennsylvania law filed in federal courts. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011). When a plaintiff fails to file a timely certificate

of merit, a defendant may seek to have a judgment of non pros entered. Pa. R. Civ. P. 1042.6. In federal courts, a judgment of non pros is "the equivalent of a dismissal without prejudice." Booker v. United States, 366 F. App'x 425, 427 (3d Cir. 2010). A plaintiff's pro se status does not excuse compliance with the certificate of merit rquirement. See Hodge v. U.S. DOJ, 372 Fed. App'x 264, 267 (3d. Cir. 2010); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007).

In the present matter, the substance of Culver's "medical negligence" claims are based on the alleged deviation from professional medical standards. Culver maintains that he was improperly diagnosed and treated and that Defendant failed to perform proper testing or to properly assess his condition. Thus, the questions raised involve medical judgment beyond the realm of common knowledge and experience. Accordingly, a certificate of merit is required.

In the instant case, Culver has not attempted to file a certificate of merit within sixty days of the filing of his complaint. Such a failure is not, however, automatically fatal to his claim. See, e.g., Cuevas v. United States, 422 F. App'x 142, 145 (3d Cir. 2011) (outlining the procedures for extending the time for the filing of a certificate of merit). Notably, Rule 1042.6(c) of the Pennsylvania Rules of Civil Procedure provides that a plaintiff "may file a motion seeking a determination by the court as to the necessity of filing a certificate of merit . . . at any time prior to the entry of a judgment of non pros." Pa. R. Civ. P. 1042.6(c). Such a motion tolls the time for filing a certificate of merit and prevents the entry of non pros. Cuevas, 422 F. App'x at 145 (citing Pa. R. Civ. P. 1042.6(c); Pa. R. Civ. P. 1042.7(a)(1)). Rule 1042.6 further provides that even where a court determines a certificate of merit is necessary, "the plaintiff must file the certificate within twenty days of the entry of the court order on the docket

or the original time period, whichever is later." Pa. R. Civ. P. 1042.6(c).

Accordingly, because the Court has determined that a certificate of merit is required and the motion for such a determination was timely filed, the rules provide that Culver shall have until twenty days from the date this order is entered on the docket to file such a certificate of merit. The Court observes that Culver has also filed a motion for an extension of time to file a certificate of merit. Upon a review of the motion, the Court finds that Culver has failed to show good cause for extending the time to file a certificate of merit beyond the twenty days provided for by Rule 1042.6.[2]

---

[2] Culver has also argued that he requires assistance from the Court to obtain a medical opinion by a licensed professional to enable him to comply with the certificate of merit requirement. (Doc. No. 65.) To the extent Culver requests assistance from this Court in obtaining a certificate of merit through the appointment of a medical expert or by financing an expert on his behalf, his request is denied. See Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987); Parham v. Johnson, 7 F. Supp. 2d 595, 600 n. 5 (W.D. Pa. 1998).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | **CIVIL NO. 1:CV-11-2205** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

    **AND NOW,** on this 14th day of August 2012**, IT IS HEREBY ORDERED THAT:**

1. Defendant Specter's motion to dismiss (Doc. No. 14) is **granted in part and denied in part**. The motion is **granted only to the extent that** any negligence claim raised under the Eighth Amendment and any claims under the Fourteenth Amendment are dismissed. In addition, pursuant to M.D. Pa. Local Rule 8.1, the demand for relief in the complaint to the extent that it seeks specific sums of money damages is hereby stricken. The motion to dismiss is **denied in all other respects**.

2. Within twenty days, Defendant Specter shall file an answer to the claims remaining in the complaint against him.

3. Plaintiff's motion to determine the necessity of filing a certificate of merit (Doc. No. 53) is **granted only to the extent that** the Court finds that Plaintiff is required to file a certificate of merit in this case within twenty days of the date of this order.

4. Defendant Specter's motion for partial summary judgment (Doc. No. 56) is **denied without prejudice**.

5. Plaintiff's motion for enlargement of time to file a certificate of merit (Doc. No. 61) is **denied as moot**.

6.       Failure to file a certificate of merit as to the medical malpractice claims against Defendant Specter within twenty days of the date of this order will result in the dismissal of those claims without prejudice.

                                          S/ Yvette Kane
                                          YVETTE KANE, Chief Judge
                                          Middle District of Pennsylvania