**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | **CIVIL NO. 1:CV-11-2205** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

This civil rights action was filed by Brett T. Culver ("Culver") pursuant to 42 U.S.C. § 1983. Culver alleges that employees at SCI-Mahanoy, his former place of incarceration, failed to protect him from an assault by another inmate after they informed the inmate that Culver had made complaints about him. He further maintains that he was denied adequate medical care in violation of the Eighth Amendment with respect to the broken jaw he sustained from the assault. State medical negligence claims are also asserted. Presently before the Court is Culver's sixth motion seeking the appointment of counsel in this matter. (Doc. No. 77.) For the reasons that follow, the motion will be conditionally granted.

**I.     Background**

Culver claims that on December 3, 2009, while confined at SCI-Mahanoy, Unit Manager Muick and Counselor Marhelko failed to protect him from an assault by another inmate when they informed said inmate that Culver had made complaints against him. By doing so, Culver claims that Defendants deliberately disregarded his safety by inciting hostility toward him that resulted in the attack. As a result, Culver suffered a broken jaw. Following the assault, Culver states he was denied adequate medical care on numerous occasions with respect to his injury by members of the SCI-Mahanoy prison staff, including medical, dental and administrative

personnel, as well as by Dr. Specter, a private practice oral surgeon contracted by the Pennsylvania Department of Corrections to provide services to SCI-Mahanoy.[1] This conduct continued over the course of approximately two (2) years. On August 15, 2012, a motion to dismiss filed by Specter was granted in part and denied in part. (Doc. No. 81). In addition, Specter's motion for partial summary judgment on the basis of Culver's failure to file a certificate of merit was denied without prejudice. Culver was granted an enlargement of time within which to file a certificate of merit in this case.

On October 9, 2012, the Court also granted in part and denied in part a motion to dismiss filed by the Corrections Defendants. (Doc. No. 115.) The motion was granted with respect to Culver's claims regarding the denial of his grievances and appeals, and denied in all other respects. In addition, a motion to dismiss filed by Medical Service Provider Corizon was granted. Pending, but not yet ripe, are motions to dismiss filed by Defendants Lisiak and Gustitus (Doc. No. 96), and Defendant Chipriano (Doc. No. 102).

**II.     Standard**

As previously set forth in addressing Culver's earlier motions for counsel, a plaintiff in a civil case has no constitutional or statutory right to counsel. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. Tabron v. Grace, 6 F.3d 147, 153 n. 1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that

---

[1] The Corrections Defendants named in this action are as follows: Mr. Muick, E-Unit Manager; Mrs. Marhelko, E Unit Block Correctional Officer; Ms. Stanitis, Food Services Supervisor; and Robert Moczulski, prison dentist. Also named as Defendants are Health Care Administrators Cerullo and Chipriano, Doctors Lisiak and Gustitus, and Medical Service Provider (Corizon).

the court "may request an attorney to represent any person unable to afford counsel," (emphasis added), not that the court can order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1977).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel for a pro se litigant, Montgomery, 294 F.3d at 498, and the decision may be made at any point in the litigation. Id. at 503-04. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing pro bono counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Id. at 155-56, 157 n. 5.

**III. Discussion**

Culver has represented himself to this point in the instant case. His filings have been articulate, complete with legal citation, literate and logical. He has successfully defended against the motions to dismiss that have been filed to date by Defendants. The Court has found the majority of his claims to have arguable merit, and believes that in light of his need to obtain a Certificate of Merit with respect to his injuries, the possibility of obtaining counsel should be

explored.  However, the Court also notes that whether or not such opinion can be obtained is unknown.  In addition, numerous motions are being filed in this action not only by the various groups of Defendants, but also Culver.  If counsel can be obtained, it may lead to a more expeditious resolution of this matter.   For these reasons, the motion will be granted conditionally provided that pro bono counsel can be found through the Pro Bono Panel of the Federal Bar Association for the Middle District of Pennsylvania.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | **CIVIL NO. 1:CV-11-2205** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**NOW, THIS 11th   DAY OF OCTOBER, 2012,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's request for the appointment of counsel (Doc. No. 77) is **granted conditionally**.

2. If counsel cannot be found to represent Plaintiff, the conditional order for appointment of counsel will be revoked, and Plaintiff will be required to proceed in this case without counsel.

3. The Clerk of Court is directed to forward a copy of this order to the Chair of the Federal Bar Association's Pro Bono Committee, Stephen M. Greecher, Jr., Esquire, Tucker Arensberg, P.C., 2 Lemoyne Drive, Suite 200, Lemoyne, Pennsylvania, 17120, who shall seek the services of a volunteer member of the Bar Association to represent Plaintiff in this matter.

4. Appointed counsel for Plaintiff is directed to file an entry of appearance with the Court no later than thirty (30) days from the date of this order.

5. Resolution of all pending motions in this action will be stayed pending further notification from the Court.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania