# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER, | : | CIVIL NO. 1:CV-11-2205 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES SPECTER, et al., | : | |
| Defendants | : | |

## MEMORANDUM

This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Brett T. Culver ("Culver"), an inmate presently confined at the State Correctional Institution at Forest, Pennsylvania. Culver alleges that employees at SCI-Mahanoy, his former place of incarceration, failed to protect him from an assault by another inmate after they informed the inmate that Culver had made complaints about him. He further maintains that he was denied adequate medical care in violation of the Eighth Amendment with respect to the broken jaw he sustained from the assault. State medical negligence claims are also asserted.

On October 11, 2012, an order was issued conditionally granting Culver's sixth request for the appointment of counsel in this case. (Doc. No. 116.) Resolution of all motions in the case was stayed pending the Court's attempt to obtain counsel. Culver was advised that if counsel could not be found to represent him, the conditional order for appointment of counsel would be revoked, and he would be required to proceed in this case pro se. On March 26, 2013, Stephen Greecher, Chairman of the Federal Bar Association's Pro Bono Committee, notified the Court that despite his efforts, he is unable to find counsel to represent Culver. (Doc. No. 159.) As such, the conditional order for appointment of counsel will be revoked, and Culver will proceed on his own in this case. In addition, the stay previously imposed with respect to motions

pending in this action will be lifted. The Court will now address several of the motions pending on the docket.[1]

## I. Background

Culver claims that on December 3, 2009, while confined at SCI-Mahanoy, Unit Manager Muick and Counselor Marhelko failed to protect him from an assault by another inmate when they informed said inmate that Culver had made complaints against him. By doing so, Culver claims that Defendants deliberately disregarded his safety by inciting hostility toward him that resulted in the attack. As a result, Culver suffered a broken jaw. Following the assault, Culver states he was denied adequate medical care on numerous occasions with respect to his injury by members of the SCI-Mahanoy prison staff, including medical, dental and administrative personnel, as well as by Dr. Specter, a private practice oral surgeon contracted by the Pennsylvania Department of Corrections to provide services to SCI-Mahanoy.[2] This conduct continued over the course of approximately two (2) years. On August 14, 2012, a motion to dismiss filed by Specter was granted in part and denied in part.[3] (Doc. No. 81). In addition, Specter's motion for partial summary judgment on the basis of Culver's failure to file a certificate of merit was denied without prejudice. Culver was granted a twenty-day extension to

---

[1] At the time the stayed was imposed, there were a number of motions pending in this action. Following the imposition of the stay, the parties continued to file motions.

[2] The Corrections Defendants named in this action are as follows: Mr. Muick, E-Unit Manager; Mrs. Marhelko, E Unit Block Correctional Officer; Ms. Stanitis, Food Services Supervisor; and Robert Moczulski, prison dentist. Also named as Defendants are Health Care Administrators Cerullo and Chipriano, Doctors Lisiak and Gustitus, and Medical Service Provider (Corizon).

[3] The Memorandum and Order was dated August 14, 2012, but not entered on the docket until August 15, 2012. (Doc. No. 81.)

file a certificate of merit in this case.

On October 9, 2012, the Court also granted in part and denied in part a motion to dismiss filed by the Corrections Defendants. (Doc. No. 115.) The motion was granted with respect to Culver's claims regarding the denial of his grievances and appeals, and denied in all other respects. Culver was also directed to file the required certificate of merit with respect to his medical malpractice claims against the Corrections Defendants within twenty (20) days. In addition, a motion to dismiss filed by Medical Service Provider Corizon was granted. On October 11, 2012, the order conditionally granting Culver's sixth motion for the appointment of counsel was issued as set forth above. (Doc. No. 116.)

## II. Discussion

### A. Motion for Leave to File a Supplemental Complaint

Culver has filed a motion seeking leave to file a supplemental complaint in this action. (Doc. No. 72.) The motion is fully briefed and ripe for consideration. In the motion Culver maintains that he was transferred from SCI-Mahanoy on June 25, 2012. He states that on that date his medication was denied. Upon reception at SCI-Forest the same day, he states that his medications were discontinued without any assessment of his condition by a doctor at SCI-Forest. Later that evening, Culver went to the SCI-Forest medical department complaining of pain and organ failure but claims he was only provided with insufficient medication. According to Culver, "SCI-Forest/Corizon Medical Administrators" are deliberately indifferent to his medical and dental needs and have engaged in the falsification and manipulation of his medical records. He believes this conduct is in retaliation for filing the instant lawsuit.

Federal Rule of Civil Procedure 15(d) addresses the matter of supplemental pleadings.

3

Pursuant to Rule 15(d), on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. An application for leave to file a supplemental pleading or to amend a pleading is within the sound discretion of the trial court. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). The factors to be considered in deciding whether to permit supplementation pursuant to Rule 15(d) are clearly set forth in Nottingham, 709 F. Supp. at 544, and include the promotion of a justiciable disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action. If the supplemental complaint would raise new issues and unduly delay resolution of the case, it is proper to deny the motion for leave to supplement. Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188-89 (3d Cir. 1979). A request to file a supplemental pleading is also proper where the new allegations occurred months after the initial complaint and would work a serious injustice if the motion were granted. See Nottingham, 709 F. Supp. at 544.

      The allegations contained in Culver's proposed supplemental complaint set forth new causes of action against new defendants at a new prison. Although one of the defendants, Corizon, Inc., is the same company that provides contract medical services to the new prison, the individuals alleged to have committed the constitutional violations are at SCI-Forest, and are not the same as those named in the original complaint. Further, the claims occurred months following the incidents set forth in the original complaint. As such, the Court finds that the delay and inconvenience in allowing supplementation of the complaint at this time to add new claims and new defendants would certainly be prejudicial and needlessly stall and complicate the

resolution of this matter. Further, there is little if any prejudice to Culver in denying his request in that he can pursue these claims in a new civil action if he so desires. As such, his motion for leave to supplement his complaint will be denied.

### B. Motion for Leave to Proceed with Discovery

Culver has filed a motion for leave to proceed with the discovery phase of his case. (Doc. No. 76.) Because some of the Defendants have now filed answers to the complaint and the stay previously imposed will be lifted, Culver is free to engage in discovery with respect to those Defendants that have filed answers to his complaint. Accordingly, the Court will grant the motion.

### C. Motion for Order for a Physical Examination

Culver files a motion pursuant to Fed. R. Civ. P. 35 requesting the Court to order a physical examination of his "injuries, damages, and afflicted conditions to assist the Court or jury in understanding the issues of claims, to safeguard the fairness of the proceedings, to assess the extent to life impairing damages and disabilities plaintiff suffers, and to satisfy Defendants' contentions for Certificate of Merit filing." (Doc. No. 78.) The instant motion will be denied for the following reasons. Rule 35 is a device whereby the court may order a party, upon good cause shown, to submit to an examination when mental or physical condition is in controversy. Culver misconstrues the purpose of Rule 35 in several regards. First, he provides no authority indicating that a court may issue such an order pursuant to Rule 35 at the request of a party for that party's own examination and anticipated use in litigating their action. Further, Culver does not address the issue or provide any authority regarding the compensation of the medical professional for services rendered.

This case is at the procedural point where discovery is just beginning. The Court does not see any need for the appointment of an independent medical doctor. Culver's inadequate medical care claims stem back to December of 2009. He clearly has existing medical records as referenced in his filings with this Court. As such, it is evident that he can marshal medical evidence as to the seriousness of his condition and respond to any dispositive motions the Defendants may file in this matter. For these reasons, the pending motion will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER, | : | CIVIL NO. 1:CV-11-2205 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES SPECTER, et al., | : | |
| Defendants | : | |

## ORDER

**NOW, THIS 29th DAY OF MARCH, 2013,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The portion of the Court's order issued October 11, 2012 conditionally granting Plaintiff's motion for the appointment of counsel (Doc. No. 116) is **revoked** in that the Court has been unable to obtain representation for Plaintiff. Plaintiff is required to proceed pro se in this matter. The stay previously imposed with respect to the resolution of motions pending on the docket is lifted.

2. Plaintiff's motion for leave to file a supplemental complaint (Doc. No. 72) is **denied**.

3. Plaintiff's motion for leave to proceed with discovery (Doc. No. 76) is **granted**.

4. Plaintiff's motion for a court-ordered physical examination (Doc. No. 78) is **denied**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania