IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER, | : | No. 1:11-cv-02205 |
|     Plaintiff | : | |
| | : | (Judge Kane) |
|     v. | : | |
| | : | |
| JAMES SPECTER, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Defendant James Specter's motion for involuntary dismissal of Plaintiff Brett Culver's seventh cause of action in his complaint (Doc. No. 87), Plaintiff's motion to file his certificate of merit nunc pro tunc (Doc. No. 98), Plaintiff's motions to stay the above-captioned action (Doc. Nos. 104, 113, 161, 163), and Plaintiff's motion for default judgment (Doc. No. 128) and recusal of the undersigned (Doc. No. 118). For the reasons that follow, the Court will deny Defendant's motion for involuntary dismissal, grant Plaintiff's motion to file his certificates of merit nunc pro tunc, and deny Plaintiff's other pending motions.

### I. BACKGROUND

In this civil rights action filed pursuant to 42 U.S.C. § 1983, Brett Culver ("Plaintiff") claims that employees at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") failed to protect him from an assault by a fellow inmate after two of the Defendants informed the inmate that Plaintiff had made complaints about him. Plaintiff further alleges that he received inadequate medical care with respect to the injuries he suffered from the assault. Plaintiff's complaint also contains state law medical negligence claims.

On August 14, 2012, the Court issued an order granting Defendant Specter's motion to dismiss to the extent that the Court dismissed Plaintiff's negligence claim raised under the Eighth Amendment and the Fourteenth Amendment, and Plaintiff's specific requests for money

damages that he had sought in his complaint were stricken. The Court denied Defendant's motion to dismiss in all other respects, and directed Defendant to answer to Plaintiff's remaining claims within twenty days. (Doc. No. 81.) The Court also found that Plaintiff was required to file a certificate of merit with respect to his state negligence claims.[1] In so doing, the Court found that Plaintiff's medical negligence claims were based on alleged deviations from professional medical standards, and that Defendant Specter failed to perform proper testing or to properly assess his condition. (Doc. No. 81 at 10.) As such, the Court found that the questions raised in Plaintiff's complaint involve medical judgment beyond the realm of common knowledge and experience, and therefore a certificate of merit was required. The Court has since vacated that finding. (Doc. No. X.)

## II.   DISCUSSION

### A.   Defendant's motion for involuntary dismissal; Plaintiff's motion to file his COM nunc pro tunc; Plaintiff's opposition to Defendant's pending motions to dismiss; Plaintiff's motion to stay the above-captioned action; Plaintiff's motion for default judgment

Defendant Specter filed a motion for involuntary dismissal of count seven of Plaintiff's complaint (state negligence claims) due to Plaintiff's failure to file a timely COM in accordance with the Court's Memorandum and Order of August 14, 2012. (Doc. No. 87.) Also pending is Plaintiff's motion to file his COM nunc pro tunc. (Doc. No. 98.) In requesting to do so, Plaintiff argues that he never received or had knowledge of the August 14, 2012 Memorandum and Order. As such, he requests that the Court accept the certificates of merit attached to his motion nunc

---

[1] In light of this ruling, Specter's motion for partial summary judgment with respect to the state negligence claim due to Plaintiff's failure to file a Certificate of Merit was denied as moot.

pro tunc. (Id., Ex. C.) Plaintiff has also filed subsequent motions to dismiss all of Defendants' pending motions to dismiss, and to stay this action pending the Court's reinstatement of the August 14, 2012 Memorandum and Order (Doc. Nos. 104, 113, 161 and 163). In addition, Plaintiff moves for default with respect to all filings submitted by Defendants post August 14, 2012, because he never received a copy of the Court's August 14, 2012 order. (Doc. No. 128.)

The parties raise nearly identical arguments with respect to each pending motion. Plaintiff contends that he never received the August 14, 2012 order, and only learned of it through a motion and brief filed by Defendant Specter in early September 2012. As such, he claims that his nunc pro tunc certificate of merit should be accepted by the Court, and that all filings post-dating the issuance of the August 14, 2012 opinion should either be dismissed or that the proceedings should be stayed until the August 14, 2012 Memorandum and Order is "reinstated." Plaintiff also seeks the recusal of the undersigned in part because he failed to receive a copy of the August 14, 2012 order.[2] (Doc. No. 118.)

Defendant Specter maintains that any attempt by Plaintiff to submit a Certificate of Merit nunc pro tunc should be denied because (1) his submission is untimely and (2) the document submitted is improper because Plaintiff states that expert testimony is not necessary and the Court has previously held that such testimony will be required in this case. For these reasons, Defendant seeks the involuntary dismissal of Plaintiff's state negligence claims. (Doc. No. 87.)

The docket reflects that the Memorandum and Order of August 14, 2012 was served on

---

[2] Additional arguments are also advanced in support of Plaintiff's motion for recusal, and they will be discussed when the Court addresses the motion below.

3

Plaintiff at SCI-Forest on August 15, 2012, the day the decision was docketed.[3] This mailing was not returned to the Court by the postal service, and there is no other indication that it was not received at the prison and delivered to Plaintiff. The lengthy docket further reveals that Plaintiff has not experienced difficulty receiving his previous mailings from this Court. However, it is possible that on this one occasion Plaintiff did not receive his court mail. This is bolstered by the fact that on August 20, 2012, Plaintiff sought an extension of time with respect to another matter, and never mentioned the August 14, 2012 decision, or sought an enlargement of time to file the COM. (Doc. No. 98).

For these reasons, the Court will resolve the issues related to the COM and Plaintiff's lack of knowledge of the August 14, 2012 decision as follows. Defendant Specter' motion for involuntary dismissal of Count Seven of the complaint (state malpractice/negligence claims) (Doc. No. 87) will be denied. Plaintiff's motion to file nunc pro tunc certificates of merit (Doc. No. 98) will be granted to the following extent. The certificates attached to Document 98 will be accepted by the Court. With this said, in each of the certificates submitted by Plaintiff he states that expert testimony of an appropriate licensed professional is unnecessary for the prosecution of his claims against the referenced defendants. Although the Court originally found that expert testimony would be necessary in this case (Doc. No. 81 at 10), such a finding was premature and the Court vacated that portion of its previous order (Doc. No. 194. ) In an abundance of caution, the Court will accept Plaintiff's certificates of merit indicating that he does not need expert testimony to proceed as timely filed, but, given the confusion the Court's earlier order may have

---

[3] Any request by Plaintiff that the Court "reinstate" the Memorandum and Order of August 14, 2012 is improper. This decision was issued by the Court on August 14, 2012, and docketed in the record the following day. No basis exists for reinstatement.

caused Plaintiff, the Court will also give Plaintiff an additional twenty days from the date of this order to refile his certificates of merit were Plaintiff to conclude that expert testimony is required. If Plaintiff chooses to proceed with his certificate of merit (Doc. No. 98) as filed, the Court advises Plaintiff that he is bound by his decision as set forth in the certificates, and is prohibited from offering expert testimony later in the litigation absent "exceptional circumstances." Pa.R.C.P. 1042.3(3).

    **B.**     **Recusal**

Plaintiff also moves for recusal of the undersigned Judge. (Doc. No. 118.) In moving for recusal, Plaintiff alleges that the Court has prejudiced the proceedings in this case, maneuvered the aspects of this case in favor of Defendants, stripped him of his constitutional rights, and instituted decrees and judgments to dismantle Plaintiff's case and prevent him from proceeding to trial. In support of his claims, he argues that the Court found against him in an earlier lawsuit Plaintiff filed against the same Defendants named in this action. See Culver v. Commonwealth of Pennsylvania, et al., Civil Action No. 01-0904. He further argues that he is at a disadvantage because he proceeds pro se in this matter, and also because the Court failed to serve him with a copy of the Memorandum and Order issued on August 14, 2012.[4] He believes that the undersigned Judge may have had something to do with his not receiving a copy of this decision.

---

[4] To the extent Plaintiff contends that his requests for the appointment of counsel were ignored by the Court, any such claim completely lacks merit. On October 11, 2012, Plaintiff's motion for counsel was granted conditionally, and the Court attempted to seek the services of a volunteer member of the Federal Bar Association to represent Plaintiff in this matter. (Doc. No. 116.) On March 13, 2013, the Court was notified by Stephen M. Greecher, Jr., Esquire, Pro Bono Coordinator for the Federal Bar Association for the Middle District of Pennsylvania, that he was unable to locate counsel for Plaintiff. (Doc. No. 159.) As a result, Plaintiff proceeds pro se in this matter.

He also implies that the Court routinely rules in favor of the Defendants.

Under 28 U.S.C. § 455, a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal under § 455(a) is an objective test and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). Bias meriting recusal under either subsection (a) or (b)(1), "must stem from a source outside of the official proceedings." Liteky v. United States, 510 U.S. 540, 554 (1994). See Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004)(beliefs or opinions which merit recusal must involve an extrajudicial factor). Moreover, the Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000), citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). See Waris v. Heartlean Home Healthcare Services, Inc., 365 F. App'x 402, 406-07 (3d Cir. 2010). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." Conklin v. Warrington Twp., 476 F.Supp.2d 458, 462-64 (M.D. Pa. 2007), citing In re Antar, 71 F.3d 97, 101 (3d Cir. 1995), overruled on other grounds by Smith v. Berg, 247 F.3d 532, 534 (3d Cir. 2001); see also Lease v. Fishel, 712 F.Supp.2d 359, 373-74 (M.D. Pa. 2010).

Applying these legal standards to the instant matter, recusal is not warranted. To the extent Plaintiff seeks recusal on the basis of his failure to receive the Memorandum and Order of

August 14, 2012, Plaintiff does not submit evidence of any "deep-seated favoritism or antagonism" under the instant circumstances. First, the undersigned is not responsible for personally mailing a copy of the opinion to Plaintiff. This is a task performed by an employee of the Clerk of Court's Office. Furthermore, the failure to receive one court mailing, particularly in light of all of the court mailings Plaintiff has received in this action, undermines Plaintiff's assertion that the undersigned was responsible for his failure to receive the Court's order of August 14, 2012.

Moreover, Plaintiff's argument that the undersigned is biased or prejudiced against him because he lost a previously-filed case that the undersigned presided over is not evidence that any bias or prejudice exists or that fair judicial rulings would not be possible in this action. Although Plaintiff contends that the earlier case involved the same Defendants as his case, such is not the case. In addition, while Plaintiff sets forth general assertions that recusal is warranted because the undersigned is "maneuvering aspects of this case in favor of Defendants" and is "instituting decrees and judgments to dismantle Plaintiff's case," a review of the docket reveals that many of the decisions issued to date in this matter have been favorable to Plaintiff. Plaintiff has not pointed to any evidence that would lead a reasonable person with knowledge of all the facts to conclude that the undersigned would act in a partial manner or that would lead one to conclude that there exists personal bias or prejudice. To the contrary, Plaintiff's request for recusal appears to be an attempt to circumvent what he perceives to be adverse judicial rulings. For these reasons, the Court will deny Plaintiff's pending motion to recuse. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER, | : | No. 1:11-cv-02205 |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JAMES SPECTER, et al., | : | |
| Defendants | : | |

## ORDER

**ACCORDINGLY,** on this 1st day of October 2013, **IT IS HEREBY ORDERED THAT:**

1. Defendant Specter's motion for involuntary dismissal of Plaintiff's Seventh Cause of Action (Doc. No. 87) is **denied**.

2. Plaintiff's motion to file his certificates of merit nunc pro tunc (Doc. No. 98) is **granted**. The certificates attached to Document 98 are accepted by the Court as timely filed.

3. Plaintiff may refile his certificates of merit, if he concludes the expert testimony is required, within twenty days of this order, in accordance with the standard identified in this memorandum.

4. Plaintiff's motions to stay this action (Doc. Nos. 104, 113, 161 and 163) are **denied**.

5. Plaintiff's motion for default (Doc. No. 128) is **denied**.

6. Plaintiff's motion for recusal (Doc. No. 118) is **denied**.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania