# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER,  :
    Plaintiff  :    No. 1:11-cv-02205
        :
v.  :    (Judge Kane)
        :
JAMES SPECTER, et al.,  :
    Defendants  :

## MEMORANDUM

Presently pending before the Court is Defendants' motion to dismiss the complaint in the above-captioned civil rights action. (Doc. No. 96.) Defendants in the present matter are John Lisiak and Gaye Gustitus, physicians employed at the State Correctional Institution at Mahanoy ("SCI-Mahanoy").[1] In his complaint, Plaintiff Brett T. Culver alleges that employees at SCI-Mahanoy failed to protect him from an assault by another inmate. (Doc. No. 1.) Plaintiff also sets forth claims of inadequate medical care regarding the injuries he sustained from the assault. (Id.) Defendants Lisiak and Gustitus seek dismissal of the claims against them on the basis that: (1) the complaint fails to allege sufficient facts that would support an inadequate medical care claim under the Eighth Amendment; and (2) Plaintiff failed to submit a Certificate of Merit ("COM") in support of his state claims of medical negligence. (Doc. No. 97.) For the reasons that follow, the Court will deny Defendants' motion.

---

[1]Defendants Lisiak and Gustitus were added as Defendants to this case on August 14, 2012. In Plaintiff's complaint he lists multiple defendants, including: Dr. James Specter, Dr. Robert S. Moczulski, Unit Manager Muick, Counselor Marhelko, Ms. Stanitis, Healthcare Administrators to SCI-Mahanoy, Healthcare Doctors to SCI-Mahanoy, and Medical Service Providers to SCI-Mahanoy.

1

I.   BACKGROUND

   A.   Allegations in the Complaint[2]

Plaintiff alleges that on December 3, 2009, while he was confined at SCI-Mahanoy, another inmate assaulted him, breaking his jaw. (Doc. No. 1 at 9.) Plaintiff claims that he was assaulted because Defendants Muick and Marhelko informed the inmate that Plaintiff complained about him. (Id.) Following the assault, Plaintiff saw Defendant Moczulski, the prison dentist, in the prison infirmary, and the following day, he was admitted to the Wilkes-Barre General Hospital by Defendant Specter, an outside oral surgeon. (Id.) Plaintiff maintains that Defendant Specter failed to detect or to treat his broken jawbone, and that Specter's actions resulted in permanent damage and disfigurement. (Id.) On December 4, 2009, Plaintiff claims he returned to SCI-Mahanoy in a state of extreme pain and with obvious incorrect procedural work to his jaw. (Id.) According to Plaintiff, the Medical Department defendants disregarded his complaints and condition, and they forcibly subjected him to the incorrect procedures and resulting pain. (Id.) Although Plaintiff concedes that Defendants prescribed a diet of pureed prepared food, he claims that Defendant Stanitis failed to provide this diet on a consistent basis. (Id.)

Thereafter, Plaintiff saw Defendant Specter on several other occasions and he claims that Defendant Specter failed to provide him with adequate medical treatment at each of these visits. (Doc. No. 1 at 10.) Following each appointment, Plaintiff returned to SCI-Mahanoy and claims

---

[2] The Court will only provide specific details involving the claims alleged against Defendants Lisiak and Gustitus. On February 9, 2012, the Corrections Defendants filed a motiont to dismiss that was granted in part and denied in part on October 9, 2012. (Doc. No. 115.) Defendants Lisiak and Gustitus were not party to that motion to dismiss because they had not been served with the complaint at that time.

that he reported to the Medical Department complaining that his jaw was still broken, that he was suffering from excruciating pain, and that he was unable to eat or to speak correctly. (Id.) He claims that the SCI-Mahanoy Medical Defendants provided no relief and that he had to return to the general prison population. (Id.) On January 13, 2010, Plaintiff requested X-rays to confirm his unrepaired jawbone fracture. (Id.) An X-ray confirmed the existing fracture. (Id.) After this confirmation, Plaintiff claims that he was admitted to the infirmary and provided a pureed diet, but he received no medical treatment for his injuries and suffering. (Id.)

On January 28, 2010, during an appointment with Defendant Specter, Plaintiff contends that Specter performed procedures and installed devices that tortured him and "unquestionably" caused permanent damage to his jawbone structure. (Doc. No. 1 at 11-12.) Plaintiff claims that he complained to the Medical Department defendants about the incorrect procedures performed by Defendant Specter, as well as the excruciating pain he was experiencing, and the need for corrective care. (Id. at 12.) He claims that his complaints were disregarded and Defendants denied medical intervention. (Id.) Plaintiff specifically alleges that on February 3, 2010, he showed Defendant Lisiak the improper devices installed by Defendant Specter and the resultant permanent damage. (Id. at 15.) Plaintiff claims he pleaded with Defendant Lisiak to change his doctor to a qualified sports injury specialist, but that Defendant Lisiak disregarded his need for medical attention. (Id.)

On February 8, 2010, Plaintiff states that he complained to Defendant Gustitus about his incorrectly wired jaw and the pain he was enduring. (Doc. No. 1 at 13.) Although Plaintiff claims he pleaded with Defendant Gustitus for medical intervention, Defendant disregarded his request and provided no medical attention. (Id.) Plaintiff also claims that the complaints

3

regarding medical intervention that he made to prison dentist, Defendant Moczulski, were refused. (Id. at 14.) He claims that the grievances he filed with respect to his medical care were rejected on all levels. (Id.)

On February 16, 2010, and March 5, 2010, Plaintiff claims he was forced by the SCI-Mahanoy medical defendants to return to see Defendant Specter, and that on each occasion, Specter ignored Plaintiff's complaints and his need for corrective treatment. (Id. at 13-14.) Upon his return to the prison following each appointment with Defendant Specter, Plaintiff claims that the SCI-Mahanoy Medical Defendants ignored his pleas for intervention. (Id.)

On March 8, 2010, Plaintiff claims that he reported to Defendant Gustitus that the wires in his mouth were breaking due to excessive tightening that Defendant Specter had performed at his last appointment. (Id. at 14.) Despite his complaints of excessive pain, Plaintiff claims that Defendant Gustitus denied any medical action. (Id.) Plaintiff also states that his complaints to the Defendant Moczulski on this matter were disregarded. (Id.)

On March 9, 2010, Plaintiff again saw Defendant Specter. (Doc. No. 1 at 15.) Plaintiff claims that although some of the wires were removed, the frame installments anchored to Plaintiff's teeth roots were left in place and served no purpose other than to damage Plaintiff's teeth and gums. (Id.) On March 11, 2010, Plaintiff states that he notified the prison dental department about the pain he was experiencing and he sought the removal of the installments, but his request was disregarded. (Id.) On March 12, 2010, Plaintiff saw Defendant Lisiak and showed him the damage caused by Defendant Specter's procedures. (Id.) Plaintiff claims that Defendant Lisiak disregarded his serious medical needs and denied any medical care. (Id.) Plaintiff made additional complaints to the medical department on March 18, 2010. (Id.)

On March 23, 2010, Plaintiff alleges he requested that Defendant Specter break his jaw and reset it properly. (Doc. No.1 at 16.) Plaintiff challenges the treatment he received on this occasion and the fact that no x-rays were taken. (Id.) When Plaintiff returned to SCI-Mahanoy, he claims he pleaded with the medical and dental departments for treatment from March 24, 2010, through April 11, 2010, but no action was taken. (Id. at 16-17.) Plaintiff specifically alleges that on March 24, 2010, he notified Defendant Lisiak by mail of his continuing condition and "tortured pain," but Lisiak did not take any action. (Id. at16.) Plaintiff claims he notified Lisiak and the medical and dental departments on March 26, 2010 and March 29, 2010, but no action was taken. (Id.)

On April 1, 2010, Plaintiff spoke with Defendant Lisiak and explained his painful condition, the incorrect procedural devices installed by Defendant Specter, and the resulting damage. (Doc. No. 1 at 17.) According to Plaintiff, no action was taken in response to these complaints. (Id.) Thereafter, Plaintiff states that he filed documentation of his condition with the medical administration at the prison. (Id.) On April 11, 2010, Plaintiff submitted a medical complications report to the Medical Department Defendants, but received no action. (Id.)

The remainder of the complaint sets forth additional allegations with respect to requests made by Plaintiff to the SCI-Mahanoy Medical Department for relief from the alleged incorrect treatments provided by Defendant Specter, and the pain, complications, and disfigurement resulting therefrom. (Doc. No. 1 at 17-19.) Plaintiff sets forth specific claims of inadequate medical care against various prison staff members including Defendants Lisiak and Moczulski. (Id.) His complaints include unbearable pain, eating and speech limitations, and the need for corrective medical treatment to repair the damage caused by Defendant Specter's actions. (Id.)

5

He also sets forth a general claim of retaliation against the medical staff for charging his account for sick call visits and prescription renewals. (Id. at 19.)

## II. DISCUSSION

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 221 n.3 (2004). The motion will only be granted if, after taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that the plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Although the Rule 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

B. Analysis

1. Eighth Amendment Claims

Defendants Lisiak and Gustitus move to dismiss the inadequate care claims set forth against them pursuant to Fed. R. Civ. P. 12(b)(6). Defendants claim that the complaint fails to allege sufficient facts that would support a plausible claim of deliberate indifference to a serious medical need. (Doc. No. 97.) The Court disagrees with Defendants.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Board of County Commissioners of Bryan Cnty. v. Brown, 520 US. 397, 410 (1997). The defendant must be aware of facts from which the inference could be drawn that a substantial harm exists, and he also must draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The test for

7

whether a prison official acted with deliberate indifference is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 841. Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990)).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . ." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a constitutional violation." Spruill, 372 F. 3d at 235. An inmate's disagreement with medical treatment also does not rise to the level of "deliberate indifference." See Durmer v. O'Carrol, 991 F.2d 64, 69 (3d Cir. 1993); Boring v. Kozkiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

It is well established that for non-medical defendants, to fulfill the deliberate indifference element, Plaintiff must show that the non-medical prison official had reason to believe or actually knew that prison doctors or their assistants were mistreating or not treating Plaintiff. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); Durmer, 991 F.2d at 69. "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . . [A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical priosn official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 373 F.3d at 236.

In accepting the allegations of the complaint as true, it cannot be said that Plaintiff merely alleges negligence, medical malpractice, or disagreement with the medical treatment

provided. He asserts numerous instances of alerting both Defendants to the serious problems he was experiencing with respect to his jaw injury and the failure of Defendants to respond to the extreme pain he was suffering as a result thereof. Although Defendants maintain that Plaintiff's claims are subject to dismissal because Plaintiff was treated by an outside specialist, and as such, Defendants were in no position to second-guess any treatment provided by the specialist, the allegations in the complaint go beyond a mere dissatisfaction with the type of treatment provided by the specialist. For these reasons, the Court will allow the Eighth Amendment claims to proceed.

### 2. State Law Claims

Defendants also seek the dismissal of the state medical malpractice claims raised against them on the basis of Plaintiff's failure to file a certificate of merit with respect to these claims. Without unnecessary elaboration, Defendants' motion will be denied. Plaintiff filed a motion seeking to submit his certificates of merit nunc pro tunc. (Doc. No. 98.) This Court granted this motion on October 1, 2013 and found his certificates to be timely filed, but additionally found that Plaintiff would have an additional twenty days to refile his certificates of merit were Plaintiff to conclude that expert testimony was necessary. (Doc. No. 195.) Among these certificates were certificates pertaining to Defendants Lisiak and Gustitus. Thus, the Court will deny Defendants Lisiak and Gustitus' motion to dismiss Plaintiff's state medical claims on the basis that Plaintiff failed to file a certificate of merit concerning those claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER,   :
   Plaintiff   :   No. 1:11-cv-02205
   :
v.   :   (Judge Kane)
   :
JAMES SPECTER, et al.,   :
   Defendants   :

## ORDER

**AND NOW,** on this 30th day of September 2013, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** the motion to dismiss filed by Defendants Lisiak and Gustitus (Doc. No. 96) is **DENIED.** Defendants shall file their answer to the claims raised against them in the complaint withing twenty-one days from the date of this order.

                                                s/ Yvette Kane
                                              Yvette Kane, District Judge
                                              United States District Court
                                              Middle District of Pennsylvania