# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | No. 1:11-cv-02205 |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Currently before the Court is Defendant Alice Chipriano's motion to dismiss Plaintiff Brett T. Culver's Section 1983 complaint. (Doc. No. 103.) For the reasons that follow, the Court will grant Defendant Chipriano's motion.

## I.   BACKGROUND

Plaintiff Brett T. Culver filed this civil rights action pursuant to 42 U.S.C. § 1983 while confined as an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"). In his original complaint, Plaintiff named James Specter, an oral surgeon in private practice, and the following SCI-Mahanoy personnel as Defendants: Robert Moczulski, Dentist; John Muick, Unit Manager; Jill Marhelko, Block Officer; Cheryl Stanitis, Food Service Manager; SCI-Mahanoy Health Care Doctors; Medical Services Providers; and Health Care Administrators. Plaintiff's original complaint referred to Defendant Alice Chipriano, Registered Nurse Supervisor at SCI-Mahanoy at the time of Plaintiff's allegations, but she was not included in the caption of the complaint or in the section of the complaint labeled "Defendants."[1] The Court added Chipriano as a Defendant on August 14, 2012.

---

[1] In the original complaint Culver refers to Chipriano as a "Medical Dept. Health Care Administrator Member." (Doc. No. 1, Compl. at 10.)

Plaintiff's complaint stems from the medical treatment he received after he was assaulted by another inmate in SCI-Mahanoy. He alleges that on December 3, 2009, employees at SCI-Mahanoy failed to protect him from being assaulted after Defendants Muick and Marhelko informed the inmate that Plaintiff had made complaints about him. After the assault, Defendant Moczulski, the prison dentist, examined Plaintiff in the prison infirmary. Later that day, Defendant Specter, an oral surgeon in private practice, examined Plaintiff outside of SCI-Mahanoy. Defendant Specter admitted Plaintiff to the Wilkes-Barre General Hospital and performed oral surgery on him the following day. Plaintiff maintains that Defendant Specter failed to properly detect or treat his broken jawbone, and that Specter's actions resulted in permanent damage and disfigurement.

Plaintiff returned to SCI-Mahanoy on December 4, 2009. Plaintiff claims staff failed to recognize his complaints of improper dental care and also disregarded his visible need for proper treatment for his injury. He further alleges that after January 7, 2010, Defendant Stanitis failed to provide him with the pureed diet he required for his injured jaw. Plaintiff filed several grievances at SCI-Mahanoy, complaining of malnutrition and inadequate medical treatment. He specifically alleges that Defendant Chipriano failed to remedy his January 26, 2010 grievance regarding Defendant Stanitis's failure to continue to provide him with pureed food, and that she did not respond to his grievances filed April 7 and 8, 2010, in which he complained of improper dental treatment. (Doc. No. 1 at 6-7.)

Defendant Specter examined Plaintiff on several occasions. Following each appointment, Plaintiff returned to SCI-Mahanoy. In his complaint, Plaintiff raised numerous challenges to Defendant Specter's medical treatment. He also alleges that the SCI-Mahanoy

2

medical staff, including Defendant Moczulski, failed to provide medical and dental treatment at sick call. Plaintiff claims that he complained of excruciating pain due to Defendant Specter's improper repair of his jaw and of SCI-Mahanoy's failure to provide him with a pureed diet. Plaintiff's complaints about his treatment and diet continued over the span of more than three years.

At an appointment with Defendant Specter on March 23, 2010, Plaintiff requested that his jaw be rebroken and properly reset. Defendant Specter declined this form of treatment and informed Plaintiff that his fractures had already healed. Plaintiff did not agree with Defendant Specter's assertion that his fractures had healed, or his decision not to take x-rays of Plaintiff's jaw at that time. From March 24, 2010, through April 11, 2010, Plaintiff repeatedly requested treatment from SCI-Mahanoy's medical and dental departments. He specifically alleges that on April 7 and 8, 2010, he filed documentation with Defendant Chipriano regarding his treatments, which detailed his belief that his treatment caused him permanent damage. He claims Chipriano took no action in response to his grievances. (Id. at 12, 16.)

Defendant Specter last treated Plaintiff on April 15, 2010. On November 29, 2011, Plaintiff filed his complaint alleging inadequate medical care in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983. The Court added Defendant Chipriano on August 14, 2012. Defendant Chipriano filed a motion to dismiss Plaintiff's complaint for failure to state a claim on September 18, 2012.

**II. DISCUSSION**

    **A. Analysis**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

3

complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level")). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. When the complaint fails to present a

prima facie case of liability, however, courts generally should grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

1. **Eighth Amendment Claims**

Defendant Chipriano maintains that Plaintiff's complaint, which alleges that Defendant Chipriano's handling of Plaintiff's inmate grievance constituted inadequate medical care in violation of the Eighth Amendment, fails to set forth viable constitutional claims. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment violation, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cnty Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Bd of Cnty Comm'rs of Bryan Cnty v. Brown, 520 U.S. 397, 410 (1997). The defendant must be aware of facts which allow her to draw an inference that a substantial harm exists, and she must actually draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A defendant prison official is deliberately indifferent when that defendant "acted or failed to act despite his knowledge of a

5

substantial risk of serious harm." Id. at 841. Only egregious acts or omissions violate this standard. See White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Further, "an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference." Ponzini v. Monroe Cnty, 897 F.Supp.2d 282, 287 (M.D. Pa. 2012).

To fulfill the deliberate indifference element for a non-medical defendant, Plaintiff must show that the non-medical prison official had actual or constructive knowledge that prison doctors or their assistants mistreated or failed to treat Plaintiff. See Spruill, 372 F.3d at 236; Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . . . [A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d at 236.

According to Plaintiff's complaint, Defendant Chipriano functioned as a Health Care Administrator at SCI-Mahanoy. As a Health Care Administrator, she was not responsible for diagnosing medical complaints or developing treatment plans for inmates. (Doc. No. 103 at 9.) Defendant Chipriano, as non-medical personnel, was "justified in believing that the prisoner [was] in capable hands" because, as the facts alleged in the complaint demonstrate, both the

6

medical staff at SCI-Mahanoy and Defendant Specter continued to provide treatment to Plaintiff for his injury at the time of Plaintiff's grievances. Spruill, 372 F.3d at 236. To the extent Defendant Chipriano functioned as the Registered Nurse Supervisor at SCI-Mahanoy, a position that did not entitle her to diagnose medical complaints or develop treatment plans for inmates, the facts alleged in the complaint fail to demonstrate any deliberate indifference to Plaintiff's dental and medical needs. See Durmer, 991 F.2d at 68.

Plaintiff's complaint makes only two specific references to Defendant Chipriano. First, Plaintiff claims that as a facility Medical Department Health Care Administrator member, Chipriano did not remedy his grievance regarding Defendant Statitis's failure to continue to provide him with pureed food. (Doc. No. 1 at 10.) Second, Plaintiff contends that on April 7, 2010, he filed documentation with Defendant Chipriano regarding his alleged improper dental treatment, and she failed to take any action. (Id. at 16.) But as discussed above, Defendant Chipriano had no authority to override any treatment provided or ordered by the doctors involved in Plaintiff's care. Accepting as true the factual allegations set forth by Plaintiff, the Court finds that Plaintiff failed to set forth a viable Eighth Amendment claim against Defendant Chipriano. See Spruill, 372 F.3d at 236.

2. **Failure to Respond to a Grievance**

Inmates generally do not have a constitutional right to a prison grievance system. See Jones v. N. Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977). Consequently, an inmate's dissatisfaction with the response to his grievances does not support a constitutional claim. See Alexander v. Gennarini, 144 F. App'x 924 (3d Cir. 2005). Further, the fact that an inmate filed a grievance does not necessarily establish a defendant's "personal involvement,"

which is required to state a claim under 42 U.S.C. § 1983. Rode v. Dellarciprete, 845 F.2d. 1195, 1208 (3d Cir. 1988) (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (alleging that prison officials and administrators responded inappropriately to inmate's later-filed grievances does not establish the involvement of those officials and administrators in the underlying deprivation); Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (failing of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation)). Thus, to the extent Plaintiff seeks relief against Defendant Chipriano based on her handling of his inmate grievances, such allegations do not form the basis of a viable constitutional violation.[2] Defendant Chipriano's motion to dismiss for failure to state a claim will be granted. An appropriate order follows.

---

[2] In light of the finding that Plaintiff fails to state a federal claim for relief against Defendant Chipriano in the complaint, the Court declines to exercise supplemental jurisdiction over any remaining state law claims of negligence and medical malpractice he attempts to set forth against this Defendant. See Burden v. Wilkes-Barre Area Sch. Dist., 16 F.Supp.2d 569, 573 (M.D. Pa. 1998). Further, in her brief in support of the pending motion to dismiss, Defendant Chipriano notes that Plaintiff currently has a state action pending in the Schuylkill County Court of Common Pleas arising out of the same facts set forth in the instant complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER, | : | No. 1:11-cv-02205 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JAMES SPECTER, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW,** on this 30th day of September 2013, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** the motion to dismiss filed by Defendant Chipriano (Doc. No. 102) is **granted** with respect to all federal claims set forth against Defendant Chipriano. Said claims are dismissed in their entirety. To the extent Plaintiff raises state claims against Chipriano, the Court declines to exercise supplemental jurisdiction and any such claims are **dismissed without prejudice**.

    s/ Yvette Kane
    Yvette Kane, District Judge
    United States District Court
    Middle District of Pennsylvania