**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | **CIVIL NO. 1:CV-11-2205** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **JAMES SPECTER, <u>et al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Currently before the Court in the above-captioned civil rights action pursuant to 42

U.S.C. § 1983 are Plaintiff's "Motion for Court Reconsideration of Dispositions to Proceedings

of this Case" (Doc. No. 174) and motion to compel discovery (Doc. No. 187). For the reasons

that follow, both motions will be denied.

## I.   BACKGROUND

Plaintiff Brett Culver claims that SCI-Mahanoy Correctional Officers Muick and

Marhelko failed to protect him from being assaulted by a fellow inmate when they informed the

inmate that Plaintiff had made complaints about him. He also sets forth Eighth Amendment

inadequate medical care claims with respect to treatment for a broken jaw he sustained from the

assault. In addition, he raises state law negligence claims. Named as Defendants are various

SCI-Mahanoy personnel, SCI Mahanoy Health Care Provider, and Dr. James Specter, a private

oral surgeon contracted by the Pennsylvania Department of Corrections to provide services to

SCI-Mahanoy inmates.

On August 15, 2012, a motion to dismiss filed by Defendant Specter was granted in part

and denied in part. (Doc. No. 81.) The motion was granted only to the extent that any

negligence claims raised under the Eighth and Fourteenth Amendments were dismissed. On

October 9, 2012, a motion to dismiss filed by the Corrections Defendants was granted only with respect to Plaintiff's challenges to the denial of grievances and appeals therefrom.  The motion was denied in all other respects.  (Doc. No. 115).  Plaintiff was also directed to file certificates of merit with respect to his state negligence claims.  In addition, a motion to dismiss filed by medical service provider Corizon was granted.

On October 11, 2012, Plaintiff's sixth request for the appointment of counsel was conditionally granted.  (Doc. No. 116.)  A stay was imposed with respect to all pending motions until it was determined whether counsel could be obtained.  Because counsel could not be found, the stay was lifted on March 29, 2013, and Plaintiff advised that he would be proceeding pro se in this matter.  (Doc. No. 160.)

A motion to dismiss filed by Defendants Lisiak and Gustitus was denied on September 30, 2013.  (Doc. No. 196).  On the same date, a motion to dismiss filed by Defendant Chipriano was granted, and she was dismissed from this action.  (Doc. No. 197.)

Defendants have all filed answers to the claims remaining in the complaint, and discovery has been taking place.  Before the Court for resolution at this time is a motion filed by Plaintiff  entitled "Motion for Reconsideration of Dispositions to Proceedings in this Case" (Doc. No. 174).  Also ripe for review is Plaintiff's motion to compel discovery from Defendant Specter.[1]  (Doc. 187.)

---

[1] On October 24, 2013, Specter filed a motion for leave to submit a sur-reply brief with respect to Plaintiff's motion to compel.  (Doc. No. 203.)  This motion will be granted, and the sur-reply submitted along with the motion for leave will be considered by the Court in addressing the motion to compel.

II.     **Discussion**

   A.      **Motion for Reconsideration**

   On July 23, 2013, Plaintiff filed a motion requesting that the Court reconsider all of the

dispositions made in this case since August 15, 2012.  The basis for the motion is Plaintiff's

claim that he never received opinions issued by the Court on August 15, 2012 (Doc. Nos. 80,

81), October 9, 2012 (Doc. No. 115) and October 11, 2012 (Doc. No. 116).  As a result, he

argues he has been subjected to undue prejudice because he has "been excluded from

proceedings and barred from perspective pleadings to preserve crucial factual claims to this

case." (Doc. No. 175 at 1-2.)

   In a Memorandum and Order issued on September 30, 2013, the Court addressed

Plaintiff's claim that he was prejudiced because he allegedly never received Documents 80 and

81.  (Doc. No. 195.)  The Court found that although the mailings were never returned to the

Court, it was possible that perhaps Plaintiff had not received them.  The Court addressed

Plaintiff's concerns of resulting prejudice due to his failure to receive the orders and accepted

tardy certificates of merit he filed on September 14, 2012. (Id. at 4-5.)  Because the Court has

previously addressed and resolved Plaintiff's claim of prejudice resulting from his failure to

receive Documents 80 and 81, the issue will not be revisited herein.

   Plaintiff also now claims he never received copies of the decisions of the Court issued on

October 9, 2012 and October 11, 2012.  (Doc. Nos. 115, 116.)  In the Memorandum and Order of

October 9, 2012, a motion to dismiss filed by the Corrections Defendants was granted in part and

denied in part.  The motion was granted only with respect to Plaintiff's claims regarding the

denial of his grievances and appeals.  The motion was denied in all other respects, and

Defendants were directed to file an answer.  Further, a motion to dismiss filed by the Medical

Service Provider (Corizon, Inc.) was granted.  (Doc. No. 115.)  In the Memorandum and Order

dated October, 11, 2012, a sixth motion for counsel filed by Plaintiff was conditionally granted,

and disposition of all pending motions stayed while the Court attempted to obtain counsel.  (Doc.

No. 116.)

     In the pending motion, Plaintiff claims he never received either of these decisions and, as

a result, has suffered undue prejudice.  He suggests that all proceedings occurring subsequent to

the issuance of these orders be reconsidered/revoked.  For the reasons that follow, his motion

will be denied.

     The docket reveals that these documents were mailed to Plaintiff at SCI-Forest, where he

was and remains confined.  The mailings were never returned undelivered to the Court.  Even

assuming that for some reasons Plaintiff did not receive this mail from the prison, the record is

clear that he became aware of the Court's decisions just six (6) days later.  On October 17, 2012,

Defendants filed a brief in opposition to a motion to stay proceedings that had previously been

filed by Plaintiff.  Defendants' brief referred to the Court's decisions of October 9 and 11, 2012.

(Doc. No. 125.)  Plaintiff does not claim he never received Defendants' brief and, in fact,

submitted a brief in reply to Defendants' opposition.  As such, he was clearly aware of the

Court's orders less than a week after they were issued.

     More importantly, Plaintiff is unable to demonstrate any prejudice suffered by not

receiving the decisions.  Other than the dismissal of the Medical Service Provider from this

action, the remainder of the Court's rulings in both opinions were in Plaintiff's favor.  The bulk

of Corrections Defendants' motion to dismiss was denied (Doc. No. 115), and Plaintiff's motion

for counsel was conditionally granted and a stay imposed in the case while the Court attempted

to obtain counsel (Doc. No. 116).  In fact, other than generally claiming he was prejudiced,

Plaintiff offers no examples of how he was prejudiced by not receiving copies of the orders.  The

lack of prejudice is further bolstered by the fact that Plaintiff learned of the decisions less than a

week after they were issued.  For these reasons, his motion for reconsideration will be denied.


### B.       Motion to Compel Discovery

Plaintiff has filed a motion seeking to compel discovery from Defendant Specter.  (Doc.

No. 187.)  He claims that he served a Request for the Production of Documents on Specter on

August 9, 2012.  When he failed to receive a response, Plaintiff resubmitted the requests on

January 25, 2013.  On March 6, 2013, Plaintiff alleges he received a partial response from

Specter that contained "vague and/or edited documents," and documents that were missing

information.  (Doc. No. 188 at 3.)  He also claims that Specter's handwriting in some of the

medical records is illegible.

1.       Standard of Review

Pursuant to Federal Rule of Civil Procedure 37, parties may move for an order

compelling disclosure or discovery.  Fed. R. Civ. . 37(a)(3).  "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R.

Civ. P. 26(b)(1).  Generally, courts afford considerable latitude in discovery in order to ensure

that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."

Hickman v. Taylor, 329 U.S. 495, 501 (1947).  Fed. R. Civ. 34 requires that a party served with a

document request either produce the requested documents or state a specific objection for each

item or category objected to.  The burden is upon the party objecting to discovery to state the

grounds for the objection with specificity.  Fed. R. Civ. P. 33(b)(4); Momah v. Albert Einstein

Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996).   Once an objection has been properly

articulated, the burden rests with the party seeking discovery to show that a discovery request

lies within the bounds of Rule 26.  Momah, 164 F.R.D. at 147.  Then, the party opposing

discovery must convince the court why discovery should not be had.  Id. (citing Amcast Indus.

Corp. v. Detrex Corp., 138 F.R.D. 115, 118-19 (N.D. Ind. 1991)).

       2.     Analysis

    Plaintiff seeks the following documents in his Request for the Production of Documents:

> 1.  The complete personal practice medical records of treatments, assessments,
> treatment recommendations made, procedures, and opinions, (all), compiled ,
> authored, performed, written or entered by James Specter, pertaining to patient
> Brett T. Culver, 12-3-2009 through 06-25-2012.
>
> 2.  The disclosure of financial contracting agreement arrangements and statements
> made between James Specter and the D.O.C., and/or SCI-Mahoney
> Administrators, concerning the contracting of medical services or the treatment of
> third party of contract patient Brett T. Culver's medical needs, including all dated
> billings and total costs to patient Brett T. Culver's care and treatments.
>
> 3.  All credential documents of James Specter's qualifications of medical practice,
> schooling degrees and ratings, licensed areas, experience.
>
> 4.  Documentations to any and all medical practice patient complaints and/or prior
> to current medical practice lawsuits filed or recorded against James Specter.
>
> 5.  The complete record of all employed assistants and/or dental practice
> employees attending employees by James Specter during the tender of 12-03-
> 2009 through 04-14-2010.

(Doc. No. 188, Ex. 1, 8/9/12 Request.)  The same request was resubmitted to Defendant on

January 25, 2013.  (Id., Ex. 2, 1/25/13 Request.)

    On March 6, 2013, Specter's counsel served Answers and Objections to Plaintiff's

Request for the Production of Documents upon the Plaintiff.  (Doc. 158, Certificate of Service;

Doc. 190, Ex. A, Answers and Objections.)   On March 7, 2013, Specter supplemented his

response.  (Doc. No. 190, Ex. B.)

After reviewing Specter's responses, the Court finds them to be sufficient and will deny

Plaintiff's motion to compel for the following reasons.  In response to Request #1, Defendant

states that he has provided Plaintiff with his entire medical chart, as well as a disc containing his

x-rays.[2]  Any belief by Plaintiff that the chart should contain more information is unsupported.

Further, while Plaintiff has difficulty reading portions of the medical chart due to Specter's

handwriting, he is free to submit interrogatory questions to Specter to clear up any questions he

may have with respect to the entries made.  The Court also finds Specter's responses to Requests

#2 and #5 to be sufficient.  He has provided Plaintiff with a copy of his curriculum vitae and the

names of the two employees who worked for him during the relevant time period.

Specter objects to Requests #2 and #4 on the basis that the requests are vague, overly

broad, ambiguous, unduly burdensome, unreasonable, vexatious, irrelevant and/or privileged.

The Court agrees that Request #2 seeking copies of financial agreements existing between the

DOC and Defendant Specter with respect to treating SCI-Mahanoy inmates has no relevancy to

the claims in the complaint.  With respect to Request #4, the Court agrees with Defendant that

Culver's request seeking documentation with respect to all complaints and/or lawsuits filed

against Specter is overbroad and exceeds the permissible scope of discovery.  However,

---

[2]  Any argument by Plaintiff that the prison will not allow him to possess the disc is not a proper basis for filing a motion to compel against Specter.  To the extent prison regulations may exist where inmates are not permitted to possess discs, Plaintiff can certainly submit a request to the appropriate prison official seeking permission to view the contents on the disc.

information regarding other lawsuits involving Dr. Specter's improper treatment of a broken jaw

may lead to the discovery of admissible evidence, and therefore is properly requested.  See

generally United States v. Boone, 279 F.3d 163, 187 (3d Cir. 2001)(finding that evidence of

other conduct admissible whenever probative of a material issue other than character).  For these

reasons, the instant motion to compel discovery will be denied, but Culver is free to serve a more

limited discovery request on Specter with regard to Request #4.  An appropriate order follows.