IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT T. CULVER, | : | CIVIL NO. 1:CV-11-2205 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JAMES SPECTER, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Brett T. Culver's motion pursuant to Fed. R. Civ. P. 59(e) seeking reconsideration of the Court's order dated September 30, 2013, granting Defendant Chipriano's motion to dismiss the complaint.  (Doc. No. 200.)  For the reasons that follow, the motion will be denied.

**I.    Background**

In his complaint, Plaintiff alleges that he was assaulted by another inmate and suffered a broken jaw.  He was seen by Corrections Dentist Moczulski in the prison infirmary at SCI-Mahanoy.  Later the same day, he was transported to see Defendant Specter, an oral surgeon.  He was admitted to the hospital where Specter performed surgery on Plaintiff, but allegedly failed to properly detect or treat his broken jawbone which resulted in permanent damage/disfigurement.

Plaintiff was returned to SCI-Mahanoy were staff allegedly failed to recognize his improper dental care and respond to his complaints of pain and suffering.  He also contends that he was not provided with a pureed diet by Defendant Stanitis.  He claims that he filed grievances with respect to these matters.  On April 7 and 8, 2010, he filed documentation with Defendant Chipriano regarding his treatment and permanent damage.  He claims that Chipriano took no action in response to his grievances.

In addition to the alleged actions of Defendant Specter, Dr. Moczulski allegedly failed to respond and treat Plaintiff's broken jaw once he was returned to the prison and denied Plaintiff's requests to photograph his jaw. Plaintiff also claims he was forced to return to see Specter and undergo incorrect procedures to his mouth and jaw.

Chipriano filed a motion to dismiss Plaintiff's complaint for failure to state a claim. On November 6, 2013, the Court granted the motion and dismissed Chipriano from this action. (Doc. No. 197.) The Eighth Amendment inadequate medical care claims were dismissed on the basis that Chipriano functioned as a Health Care Administrator and/or Nurse Supervisor at SCI-Mahanoy, and was not responsible for diagnosing medical complaints or developing treatment plans for inmates. As non-medical personnel, she was justified in believing Plaintiff was in capable hands based upon the facts alleged in the complaint that Plaintiff was receiving treatment from both SCI-Mahanoy medical staff, as well as Defendant Specter. (Id. at 7.) Further, any claim by Plaintiff that Chipriano violated his constitutional rights by failing to respond to his grievances failed to establish the required personal involvement to state a claim under § 1983. (Id. at 7-8.)

## II. Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(citation omitted). Pursuant to Middle District of Pennsylvania Local Rule 7.10, a party may seek reconsideration of an order within fourteen days of its issue. Local Rule 7.1 excludes from its fourteen-day deadline motions to alter or amend judgment brought pursuant to Federal Rule of Civil Procedure 59(e), which permits a party to file a motion to alter or amend a district

court judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The basis for a Rule 59 motion is essentially the same as a motion for reconsideration under Local Rule 7.10.[1] To succeed on a motion for reconsideration, a movant must demonstrate one of the following three grounds exists: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Williams v. Standard First Ins. Co., 892 F. Supp. 2d 615, 624 (M.D. Pa. 2012)(citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made." Id. Motions for reconsideration are only to be granted sparingly. Continental Casualty Co. v. Diversified Industries, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**III.   Discussion**

Plaintiff seeks reconsideration of the Court's dismissal of the claims against Chipriano. He argues that she was the acting Health Care Administrator at SCI-Mahanoy during the relevant time period. He then proceeds to rehash the allegations set forth in his complaint against all of the Defendants, and blames Chipriano for all medical decisions made with respect to his treatment. He claims she was aware of his problems and the damage that resulted from improper treatment through his grievances and because "Health Care Administrators are foremost liable to these claims, being that it was Health Care Administrator Alice Chipriano who was in charge of all final decisions . . . ." (Doc. No. 201 at 6.)

---

[1] The main difference between a motion for reconsideration under Local Rule 7.10 and a motion to alter or amend a judgment under Rule 59(e) is that a motion for reconsideration may be filed in response to any order of the court, not solely after entry of judgment.

In moving for reconsideration, Plaintiff merely reiterates the claims set forth in his complaint that have been addressed and rejected by the Court.  He does not cite to any intervening change in applicable law, point to the discovery of after-acquired evidence or set forth any clear error or manifest injustice.  As an administrator, Chipriano could reasonably rely on the expertise of the prison and outside doctors and dentists.  Even if she were operating in the capacity of a Nurse Supervisor, she did not function in the capacity of diagnosing or initiating treatment plans for Plaintiff.  For these reasons, the motion for reconsideration will be denied.  An appropriate order follows.