IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | CIVIL NO. 1:CV-11-2205 |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 wherein Plaintiff Brett Culver sets forth allegations of failure to protect and inadequate medical care in violation of the Eighth Amendment. He also asserts state medical malpractice claims. Before the Court for consideration are Plaintiff's motions for extension of time within which to file certificates of merit (Doc. Nos. 202, 211), and Defendant Specter's motion to strike Plaintiff's certificate of merit (Doc. No. 247).

**I.     Relevant Background**

The incidents set forth in the complaint arose during Plaintiff's confinement at the State Correctional Institution at Mahanoy (SCI-Mahanoy).[1] He alleges that Officers Muick and Marhelko failed to protect him from an assault by a fellow inmate after Defendants informed the inmate that Plaintiff had made complaints about him. He also sets forth Eighth Amendment inadequate medical care claims with respect to treatment for a fractured jaw he sustained from the assault. Related state law negligence claims are also asserted. Remaining as Defendants are the following SCI-Mahanoy employees: Dr. Robert Moczulski, dentist; Health Care Administrator

---

[1] Plaintiff has since been transferred and is currently confined at the State Correctional Institition at Forest, Pennsylvania.

Cerullo; Drs. Lisiak and Gustitus; Correctional Officers Muick and Machelko; and Mr. Stantis, Food Supervisor.  Also remaining in this action is Dr. James Specter, a private practice oral surgeon contracted by the Pennsylvania Department of Corrections to provide services to SCI-Mahanoy.

On August 15, 2012, a motion to dismiss filed by Defendant Specter was granted in part and denied in part.  (Doc. No. 81.)  The motion was granted only to the extent that any negligence claims raised under the Eighth and Fourteenth Amendments were dismissed.  On October 9, 2012, a motion to dismiss filed by the Corrections Defendants was granted only with respect to Plaintiff's challenges to the denial of grievances and appeals therefrom.  The motion was denied in all other respects.  (Doc. No. 115).  Plaintiff was also directed to file certificates of merit ("COM") with respect to his state negligence claims.  In addition, a motion to dismiss filed by medical service provider Corizon was granted.

On October 11, 2012, Plaintiff's sixth request for the appointment of counsel was conditionally granted.  (Doc. No. 116.)  A stay was imposed with respect to all pending motions until it was determined whether counsel could be obtained.  Because counsel could not be found, the stay was lifted on March 29, 2013, and Plaintiff advised that he would be proceeding pro se in this matter.  (Doc. No. 160.)  A motion to dismiss filed by Defendants Lisiak and Gustitus was denied on September 30, 2013.[2]  (Doc. No. 196).  Defendants have all filed answers to the claims remaining in the complaint, and discovery has been taking place.

---

[2] On the same date, a motion to dismiss filed by Defendant Chipriano was also granted, and she was dismissed from this action.  (Doc. No. 197.)

**II.     Discussion**

Before the Court for consideration are two motions for extension of time within which to file COMs (Doc. Nos. 202, 211) and Defendant Specter's motion to strike a COM filed by Plaintiff on February 10, 2014, while his motions for extension were still pending before the Court (Doc. No. 238).

In Pennsylvania, a plaintiff pursuing a professional malpractice suit must file a certificate of merit with the complaint, or within sixty days thereafter. Pa. R. Civ. P. 1042.3(a). The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell below acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. Pa. R. Civ. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. Pa. R. Civ. P. 1042.7. A defendant seeking to dismiss for want of a certificate must first file written notice of their intent to do so, no sooner than thirty days after the complaint was filed. Pa. R. Civ. P. 1042.6(a).

The purpose of the required certificate of merit is to "assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." Chamberlain v. Giampapa, 210 F. 3d 154, 160 (3d Cir. 2000). Pennsylvania adopted its certificate requirement in order to cull from its dockets malpractice claims of questionable merit, conserving judicial resources and sparing defendants the burden of defending against spurius suits. Womer v. Hilliker, 589 Pa. 256, 908 A.2d 269, 275 (Pa. 2006). By filing a certificate of

merit, the plaintiff attests that he has the resources to support his allegations, and that proceeding with litigation will not be a wasteful exercise. Id. Rule 1042.3(a) applies to both pro se and represented plaintiffs and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011)(holding that the COM requirement is a substantive rule that federal courts must follow); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007)(holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); Perez v. Griffin, 304 F. App'x 72, 74 (3d Cir. 2008)(Rule 1042.3 applies to incarcerated and pro se plaintiffs and constitutes a rule of substantive state law to which plaintiffs in federal court must comply).

Plaintiff filed the complaint in this action on November 29, 2011. Certificates of merit with respect to any medical malpractice claims were required to be filed with the complaint, or within sixty days thereof, or on or about January 30, 2012. No COMs were filed by this date. On March 20, 2012, Plaintiff filed a motion seeking a determination of the necessity to file a certificate of merit. On May 1, 2012, he filed a motion for extension of time to file a certificate of merit. This motion was opposed by Defendant Specter. Plaintiff replied thereto. On August 14, 2012, the Court entered an order requiring Plaintiff to file a COM against Specter within 20 days or his malpractice claims would be dismissed. (Doc. No. 81.) No COM was filed within the prescribed time period. As such, Specter filed a motion for involuntary dismissal of the state malpractice claims.

On September 14, 2012, Plaintiff filed a motion to file nunc pro tunc certificate of merit. In the motion, he argued that he had never received the Court's August 14, 2012 order, and did not become aware of it until September 7, 2012. He requested permission to file an untimely

4

certificate of merit as to Defendant Specter stating that "expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claims against this defendant."

On September 30, 2013, the Court ordered that its September 15, 2012 order be vacated to the extent the Court construed Plaintiff's indication that he did not need expert testimony as suggesting that he was relieved from the requirement of filing a COM in this action.[3] (Doc. No. 194.)

On the same date, the Court issued the following opinion resolving the issues related to the COM matter and Plaintiff's lack of knowledge of the August 14, 2012 decision:

> Defendant Specter's motion for involuntary dismissal of Count Seven of the complaint (state malpractice/negligence claims)(Doc. No. 87) will be denied. Plaintiff's motion to file nunc pro tunc certificates of merit (Doc. No. 98) will be granted to the following extent. The certificate attached to Document 98 will be accepted by the Court. With this said, in each of the certificates submitted by Plaintiff he states that expert testimony of an appropriate licensed professional is unnecessary for the prosecution of his claims against the referenced defendants. Although the Court originally found that expert testimony would be necessary in this case (Doc. No. 81 at 10), such a finding was premature and the Court vacated that portion of its previous order (Doc. No. 194). In an abundance of caution, the Court will accept Plaintiff's certificates of merit indicating that he does not need expert testimony to proceed as timely filed, but, given the confusion the Court's earlier order may have caused Plaintiff, the Court will also give Plaintiff an additional twenty days from the date of this order to refile his certificates of merit were Plaintiff to conclude that expert testimony is required. If Plaintiff chooses to proceed with his certificate of merit (Doc. No. 98) as filed, the Court advised

---

[3] Pennsylvania law "expressly allows" a plaintiff to proceed on the basis of a certification that expert testimony will not be required to prove his claim. Pa. R.C.P. 1042.3(a)(3). The consequence of such a filing is a prohibition against offering expert testimony late in the litigation, absent exceptional circumstances. Id. A filing under this rule allows the case to proceed to discovery, leaving the consequences of choosing to proceed without expert testimony to be dealt with at a later stage of litigation, such as summary judgment or trial. Thus, even though a "preliminary determination" by the Court that expert testimony will be required may "superficially appear to serve the purpose of the certificate of merit requirement," see Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 n.5 (3d Cir. 2011), the plain language of the rule does not authorize such an early determination. Id.

>Plaintiff that he is bound by his decision as set forth in the certificates, and is prohibited from offering expert testimony later in the litigation absent "exceptional circumstances."  Pa. R.C.P. 1042.3(3).

(Doc. No. 195 at 4-5.)  Based on the foregoing, Plaintiff's nunc pro tunc certificates of merit were accepted, Specters' motion for involuntary dismissal of the state claims was denied, and Plaintiff afforded the opportunity to refile certificates of merit within twenty (20) days if he concludes that expert testimony is required.[4]  As such, any refiled COMs were due to be filed by October 24, 2013.

On October 22, 2013, Plaintiff filed a motion for extension of time within which to submit his COMs.  (Doc. No. 202).  Prior to any resolution by the Court, he submitted a second motion for extension of time on December 19, 2013 (Doc. No. 211.)  These motions are fully briefed by the parties and pending before the Court.  To complicate matters further, on February 10, 2014, Plaintiff submitted certificates of merit with respect to Defendants Specter, Lisiak, Gustitus and Moczulski wherein he certifies as follows:

>an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;
>
>AND/OR
>
>the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that another licensed professional for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice

---

[4] Although the Court's Memorandum was dated September 30, 2013, the accompanying order was dated October 1, 2013.

or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

(Doc. No. 238 at 1-5.)[5] Attached to the COMs is a letter submitted by Jeff A. Jageman, D.M.D., stating that he has reviewed documents submitted to him by Plaintiff and has concluded he was treated below the acceptable professional standards for his injuries. He further states that he will need corrective surgery to repair the damage done, and will likely have continued pain and dental problems for the rest of his life due to the negligent treatment he received. (Id. at 6.)

Defendant Specter opposes both motions for extension of time and seeks to strike the COM subsequently submitted. He maintains that Plaintiff has failed to show good cause for an extension of time. He moves to strike the COM, in any event, claiming that Dr. Jageman is not an appropriate licensed professional qualified to testify to the standard of care of an oral and maxillofacial surgeon.

### A. Timeliness

Pa. R.C.P. 1042.3(d) provides as follows:

> (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

Pa. R.C.P. 1042.3(d). There is no question that Plaintiff submitted his request for extension timely and that because the Court did not rule on his motion, the time to file a certificate of merit was

---

[5] The Court notes that a COM was submitted with respect to Dr Aires who is not a named defendant in this action. (Doc. No. 238 at 4.)

tolled pending a decision by the Court. While the case law on what establishes "good cause" for granting a motion for extension of time is still evolving, good cause has been found under the following circumstances: (1) reasonable explanation or legitimate excuse; (2) the practicalities of securing expert review; and (3) the added burden of incarceration on the already difficult task of quickly finding and meeting with a suitable doctor. See generally Rule 1042.3(d) notes; Booker v. United States, 366 F. App'x 425 (3d Cir. 2010); Womer v. Hilliker, 589 Pa. 256, 908 A.2d 269 (Pa. 2006); Fabian v. United States of America, Civ. No. 13-1656, 2013 WL 5525647 (E.D. Pa. Oct. 7, 2013).

While the Court is cognizant of the pendency of this action, based upon the extensive history of this case demonstrating the efforts Plaintiff has put forth in attempting to meet the technical requirements of Rule 1042.3, his timely request for an extension of the deadline for refiling COMs, and the fact that his ability to secure expert review is compromised by his confinement, the Court will accept the COMs submitted on February 10, 2014. While incarcerated and proceeding pro se, he has attempted to locate qualified physicians, compile his medical records, and provide the Court with a compliant COM. In fact, since the filing of his motions for extension of time, he has submitted COMs.

### B.    Qualifications

Defendant Specter moves to strike the COM filed with respect to the state malpractice/ negligence claims against him. He does so on the basis that Dr. Jeff Jageman, D.M.D., does not qualify as an appropriate licensed professional who can support a certificate of merit against him since Jageman is not an oral and maxillofacial surgeon. The statement submitted by Dr. Jageman in support of Plaintiff's COMs states that he is a general dentist in practice for thirty (30) years.

He represents that he has reviewed the documents sent to him by Plaintiff with respect to his medical care, and has concluded that he was treated below the acceptable professional standards for his injuries.  According to Dr. Jageman, Plaintiff will require corrective surgery to repair the damage done, and will most likely have continued pain and dental problems for the rest of his life due to the negligent treatment received.  (Doc. No. 238 at 6.)

Rule 1042.3 requires that the appropriate licensed professional have sufficient education, training, knowledge, and experience to provide credible competent testimony.  There is sparse guidance as to how a court should determine whether a professional supporting a certificate of merit is properly qualified to do so without the benefit of discovery and expert reports that are available in later stages of litigation.  Plaintiff has offered that Dr. Jageman obtained his D.M.D. degree and has been practicing dentistry for three decades.  He certifies that he has reviewed the documents provided to him by Plaintiff with respect to his injuries and care.  While it is true that Defendant Specter possesses further specialization in the field of oral surgery, the Court finds no authority to support Defendant's position that Dr. Jageman lacks the qualifications necessary to issue a certificate of merit.  Should Plaintiff offer Dr. Jageman as a expert witness at trial, Defendant will have ample opportunity to challenge his credentials in pre-trial motions.   For these reasons, the pending motion to strike the COM submitted on February 10, 2014 will be denied.  An appropriate order follows.