IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETT T. CULVER,** | : | CIVIL NO. 1:CV-11-2205 |
| Plaintiff, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **JAMES SPECTER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the Court in the above civil rights action filed pursuant to 42 U.S.C. § 1983 are motions for summary judgment filed by Plaintiff Brett Culver. Also pending are discovery-related motions submitted by the parties. For the reasons that follow, the summary judgment motions will be denied without prejudice to renew and supplement following the conclusion of discovery.

**I.    Background**

Plaintiff initiated this civil rights action on November 29, 2011, alleging that while confined at the State Correctional Institution at Mahanoy (SCI-Mahanoy), he was assaulted by another inmate. Plaintiff alleges that he was assaulted by another inmate on December 3, 2009, because Defendants Muick and Marhelko told the inmate that Plaintiff had made complaints about him. Plaintiff claims that following the assault he was denied adequate medical care for a broken jaw and was subjected to medical malpractice. Following the Court's ruling on motions to dismiss claims, the following Defendant remain: Correctional Officers Muick and Marhelko; Dr. Robert Moczulski, dentist; Health Care Administrator Cerullo; Drs. Lisiak and Gustitus; and Mr. Stantis, Food Services Supervisor. Dr. James Specter, a private practice oral surgeon

contracted by the Pennsylvania Department of Corrections to provide services to SCI-Mahanoy.[1]

All Defendants have filed answers to the claims remaining in the complaint, and discovery has been ongoing.[2]

On December 31, 2013, Plaintiff filed summary judgment motions against Defendant Specter (Doc. No. 214) and the remaining Corrections Defendants (Doc. No. 216).  In support of the motions, he filed briefs and exhibits consisting of photographs and copies of Final Appeal Decisions from the Secretary's Office of Inmate Grievances & Appeals.  (Doc. Nos. 215, 217, 218 and 219.)  Defendants have opposed the motions.

On January 6, 2014, Plaintiff filed a motion seeking to compel medical records from a non-party, Dr. Chung.  (Doc. No. 221.)  He also filed a similar motion seeking a court order to obtain a criminal trial transcript from the Schuylkill County Court of Common Pleas.  (Doc. No. 228.)  On February 3, 2014, Plaintiff filed a motion to stay these proceedings until such time as Defendants comply with discovery requests served on them.  (Doc. No. 231.)  The Corrections Defendants have opposed this motion.  (Doc. No. 237.)

On March 11, 2014, the Court addressed a motion to compel discovery against Defendant

---

[1] Motions to dismiss filed by Defendants Alice Chipriano and medical services provider Corizon, Inc. have been granted, and these Defendants have been dismissed from this action. (Doc. Nos. 115, 197.)  A motion to dismiss filed by Defendant Specter was granted only to the extent that any negligence claims raised under the Eighth and Fourteenth Amendments were dismissed.  The motion was denied in all other respects.  (Doc. No. 81.)

[2] However, in the absence of a discovery deadline set forth in a court order, the parties are to complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party.  See M.D. Pa. Local Rule 26.4.  During the course of resolving the numerous motions filed in this action, the discovery period expired.  As a result of the Court's resolution of the motions presently pending on the docket, an order setting forth final deadlines for completing discovery and filing/renewing dispositive motions will be imposed.

Specter filed by Plaintiff on August 21, 2013. Plaintiff challenged five (5) responses by Specter to a Request for the Production of Documents. While the Court found most of Specter's responses to be acceptable, Plaintiff was afforded fifteen (15) days within which to serve more narrow requests regarding other lawsuits filed against Specter involving the improper treatment of a broken jaw. Plaintiff was also permitted to seek clarification with respect to alleged illegible handwriting by Specter in medical records he received pursuant to discovery requests. (Doc. No. 245.)

On April 4, 2014, Corrections Defendants moved for an enlargement of time within which to conduct discovery due to Plaintiff's failure to respond to Interrogatories and Requests for the Production of Documents. (Doc. No. 248.) On May 30, 2014, Corrections Defendants filed a motion to compel with respect to these discovery requests. Although Plaintiff had since provided responses to the outstanding requests, Defendants claim that some of the responses are incomplete. Plaintiff opposes this motion. (Doc. No. 258.)

**II.     Discussion**

    **A.     Discovery Issues**

        **1.     Plaintiff's requests for court orders compelling discovery from non-parties**

Plaintiff has filed two motions wherein he seeks to obtain documents from non-parties. He first seeks a court order compelling Dr. William Chung to provide him with all medical information pertaining to his treatment of Plaintiff. Plaintiff claims that Chung is an oral surgeon who was retained by the DOC to evaluate and treat him following the treatment he received from Defendant Specter. According to Plaintiff, he has sent Dr. Chung three (3) requests for his medical records. Along with his motion, he submits a notarized Authorization

for Health Information Disclosure form. (Doc. No. 221.) It is unclear as to whether this form was also sent to Dr. Chung. Plaintiff claims that these medical records are highly relevant to his inadequate medical care claims against Defendants.

Plaintiff has also filed a motion seeking to compel records from the Schuylkill County Court of Common Pleas. Specifically, Plaintiff seeks a copy of the transcript from the criminal trial conducted against the inmate who assaulted him. (Doc. No. 228.) Plaintiff contends that the inmate was found guilty, and that during the trial there was testimony with respect to the motivating reasons for the assault. Plaintiff states he has received no response to his attempts to secure a copy of the transcript.

Fed. R. Civ. P. 26 permits discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1).

Dr. Chung and the Schuylkill County Court of Common Pleas are not parties to this action. Fed. R. Civ. P. 45 establishes the rules for discovery directed to individuals and entities that are not parties to the underlying suit through the use of a subpoena. Fed. R. Civ. P. 45(b)(1) requires that if a subpoena is served on a non-party and requests the production of documents, notice must be served on each party before the subpoena is served. Subpoenas served in

4

accordance with Fed. R. .Civ. P. 45 must fall within the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1). Rule 45 requires a court to quash or modify a subpoena in certain circumstances, and permits it to do so in other circumstances. See Fed. R. Civ. P. 45(c)(3)(B). A court's broad discretion in discovery also extends to decisions regarding whether to issue subpoenas to pro se litigants. Gay v. Petsock, 917 F.2d 768, 773 (3d Cir. 1990).

Plaintiff has not requested the issuance of subpoenas to obtain documents for the purposes discussed above. The Court agrees with Plaintiff that such documents are relevant to his failure-to-protect and inadequate medical care claims. It is possible, however, that the issues can be resolved without the issuance of a subpoena. Plaintiff asserts that he has requested these medical records from Defendants based on his belief they are contained in his DOC medical file. Corrections Defendants will be directed to inform the Court as to whether they are in possession of these desired documents. If so, they will be directed to provide copies of the same to Plaintiff within ten (10) days, or make such records available to him for inspection and/or copying. If not, Plaintiff is authorized to subpoena the documents from Dr. Chung.

Because the trial transcript also appears directly relevant to Plaintiff's claims, Defendants are directed to provide a copy of any transcripts now in their possession. If Defendants do not have the transcript, and certifies to Plaintiff that they will not be obtaining it, Plaintiff may renew his request with this Court.

    **2.    Plaintiff's motion to stay action until Defendants comply with discovery**

Plaintiff's motion to stay this action until Defendants comply with discovery will be denied for the following reasons. Plaintiff first requests a stay because a motion to compel he

filed against Defendant Specter on August 21, 2013 has not been ruled on by the Court. However, since his filing of the motion to stay, the motion to compel has been resolved. (Doc. Nos. 245, 246.) To the extent Plaintiff seeks a stay because the Corrections Defendants have failed to respond to discovery requests, Plaintiff has never filed a motion to compel discovery against these Defendants. Further, it is clear Plaintiff has received some discovery responses from Corrections Defendants because he references certain documents in his filing. However, to the extent he challenges the appropriateness of any of the responses, he must file a motion to compel discovery. In addition, to the extent Plaintiff seeks a stay due to his failed attempts to secure the records of Dr. Chung, this issue has been addressed above and there is no need to stay this litigation on this basis. For these reasons, the instant motion to stay will be denied.

### 3. Defendants' motions to enlarge time to conduct discovery/to compel discovery

Also pending are Corrections Defendants' motions to enlarge the discovery period and to compel Plaintiff to provide responses to discovery requests. Defendants' reason for seeking an enlargement of the discovery period was due to Plaintiff's failure to provide any response to discovery requests served upon him. However, since the filing of this motion, Plaintiff has provided responses that have prompted Defendants to file the pending motion to compel. Although the underlying purpose for requesting an enlargement is now moot, the discovery period will be enlarged by sixty (60) days to provide the parties with an opportunity to complete discovery in accordance with this Memorandum.

The Corrections Defendants move to compel Plaintiff to provide responses to interrogatory questions and a request for production of documents concerning his use of experts at any trial in this case. Defendants claim that although Plaintiff has identified Dr. Chung and

Dr. Jageman as his experts, he fails to provide any of the information pertaining to them including their educational background and expertise.

With respect to Dr. Chung, Plaintiff states that he is unable to provide the requested information because Defendants are retaining Dr. Chung's records, and will not provide them to him pursuant to his discovery requests. To the extent Defendants do have these records, the Court has previously directed them to provide the records to Plaintiff. If Defendants have possession of the records and provide them to Plaintiff, he will be directed to supplement his responses to Defendants' interrogatory questions numbers 3-5 and requests for production of documents numbers 6-8 within twenty (20) days from his receipt thereof.

In reviewing the record, it is not clear whether Plaintiff intends to use Dr. Jageman as an expert for any trial in this case. To the extent he does, Plaintiff shall supplement his responses to Defendants' interrogatory questions numbers 3-5 and requests for production of documents numbers 6-8 within twenty (20) days. If he fails to do so, he will not be permitted to call Dr. Jageman at trial to testify.

   **B.** **Motions for Summary Judgment**

The motions for summary judgment filed by Plaintiff will be denied without prejudice to renew and supplement at a later date.

In the event that Plaintiff renews the motion for summary judgment, the Court directs his attention to the Local Rules of Court for the Middle District of Pennsylvania. Pursuant to M. D. Pa. Local Rule 56.1, a motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried. Statements of material facts in support of a

motion shall include references to the parts of the record that support the statements. Plaintiff fails to submit statements of material fact in support of his motions. Moreover, although he attempts to set forth statements of material facts in his reply briefs, he fails to submit sufficient evidentiary materials in support of his facts and reference those materials.

While he does submit a number of photographs, grievance appeal decisions, and several self-created documents, he fails to submit any other evidentiary materials. Rather, he references the paragraphs of his complaint throughout his brief in support of summary judgment.

It is well established that a plaintiff cannot rely on unsupported allegations in his complaint to survive a motion for summary judgment. Shah v. Bank of Am., 346 F. App'x 831, 833 (3d Cir. 2009); Graudins v. Retro Fitness, LLC, 921 F. Supp. 2d 456, 463 (E.D. Pa. 2013). In his reply brief, Plaintiff states that Defendants' arguments are contradicted by "evidence, facts, and medical records." (Doc. No. 240 at 4.) However, he fails to submit any such evidence. Plaintiff's motions for summary judgment lack proper evidentiary support. Accordingly, the motions will be denied without prejudice. Following the resolution of the outstanding discovery motions, Plaintiff may renew and supplement his motions for summary judgment.

An appropriate order follows.