IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETT T. CULVER, :
    Plaintiff : CIVIL NO. 1:11-CV-02205
:
v. : (Judge Kane)
:
JAMES SPECTER, et al., :
    Defendants :

# MEMORANDUM

## I. Background

Plaintiff is a state inmate currently incarcerated at CCC Erie, in Erie, Pennsylvania. He filed the instant civil rights action under 42 U.S.C. § 1983 on November 29, 2011 against a number of medical service providers and employees of State Correctional Institution–Mahanoy. (Doc. No. 1.) At the time Plaintiff filed his complaint, Plaintiff was incarcerated at SCI–Mahonoy. Plaintiff alleges that SCI–Mahanoy officials informed another inmate that Plaintiff had filed a grievance regarding him and subsequently failed to protect Plaintiff when he was assaulted by the other inmate. (Doc. No. 1-1 at 1–4.) Plaintiff also alleges that prison officials failed to provide him with adequate medical care following the assault. (Id. at 5–7). On August 15, 2012, the court granted in part Defendant Specter's motion to dismiss the complaint. (Doc. No. 81.) On October 9, 2012, the court granted in part the Corrections Defendants' motion to dismiss the complaint. (Doc. No. 115.) On September 30, 2013, the court denied Defendant Specter's motion for the involuntary dismissal of one of Plaintiff's causes of action. (Doc. No. 195.) On that same day, the court also denied Defendants Lisiak and Gustitus's motion to dismiss the complaint and granted Defendant Chipriano's motion to dismiss the complaint insofar as it alleged claims against him. (Doc. Nos. 196, 197.) Three motions for summary judgment are currently pending before the court. (Doc. Nos. 290, 294, 331.)

In response to these motions for summary judgment, Plaintiff has filed several motions to strike portions of the record. (Doc. Nos. 311, 365, 369, 370, 371, 372.) For the following reasons, these motions will be denied.

## II.     Discussion

Plaintiff has filed the following motions to strike:

1) Plaintiff's Motion to Strike the Deposition of Jeff Jageman, D.M.D. (Doc. No. 311);
2) Plaintiff's Motion to Strike the Declaration of Cheryl Stanitis (Doc. No. 365);
3) Plaintiff's Motion to Strike the Declaration of Jill Marhelko (Doc. No. 369);
4) Plaintiff's Motion to Strike the Declaration of John Muick (Doc. No. 370);
5) Plaintiff's Motion to Strike the Declaration of Marva Cerullo (Doc. No. 371); and
6) Plaintiff's Motion to Strike the Declaration of Alice Chipriano, R.N. (Doc. No. 372).

This court will first address the Motion to Strike the Deposition of Jeff Jageman before addressing the other motions. Because all of the motions to strike the declarations are premised on the same legal theory, they will be addressed jointly.

### A.     Motion to Strike the Declaration of Jeff Jageman

The principal legal authorities Plaintiff cites to in his argument that Defendants' deposition of Dr. Jageman should be stricken from the record are Federal Rules of Civil Procedure 30(a)(2) and 45(a)(1)(B). (Doc. No. 312 at 3.) Rule 30(a)(2) provides that a party must obtain leave of court to take a deposition in the following situations:

> A) if the parties have not stipulated to the deposition and:
>     i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
>     ii) the deponent has already been deposed in the case; or
>     iii) the party seeks to take the deposition before the time specified . . . ; or
> B) if the deponent is confined in prison.

Fed. R. Civ. P. 30(a)(2). Plaintiff does not specify which portion of this rule was violated in the deposition of Dr. Jageman. (See Doc. No. 312 at 3–5.) Furthermore, it does not appear from the

2

record that this deposition resulted in more than ten depositions being taken by Defendants. Dr. Jageman has not already been deposed in the case and the deposition appears to have been taken within the specified time period, and Dr. Jageman does not appear to have been confined in prison at the time of the deposition. Therefore, Defendants did not need to obtain leave of court to take this deposition, and there is no basis under Rule 30(a)(2) to strike the deposition.

Rule 45(a)(1)(B) provides that a "subpoena commanding attendance at a deposition must state the method for recording the testimony." Fed. R. Civ. P. 45(a)(1)(B). Again, Plaintiff does not specify how this rule was violated in Dr. Jageman's deposition. (See Doc. No. 312 at 3–5.) Furthermore, it appears that Dr. Jageman was not even given a subpoena to appear at the deposition, but did so voluntarily by invitation. (See Doc. Nos. 295-2 at 2, 14–15; 320 at 6.) As such, this rule does not apply to the deposition in question.

Plaintiff also repeatedly stresses that Dr. Jageman should not have been deposed because Plaintiff does not plan on calling him as a witness at trial. (Doc. No. 312 at 3–5.) However, there is no rule limiting the taking of depositions to proposed witnesses. Indeed, the Federal Rules of Civil Procedure make clear that parties may seek discovery, including through the means of depositions, of any information "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As Dr. Jageman signed Plaintiff's Certificate of Merit for the instant complaint, his testimony regarding Plaintiff's injuries is clearly relevant to Plaintiff's claims and to Defendant's defenses. (See Doc. No. 238 at 6.) Therefore, this argument is clearly meritless.

Finally, Plaintiff also strenuously objects to the fact that he was not present for the deposition. (Doc. No. 312 at 3–5.) The record shows, however, that Plaintiff was notified of the deposition in advance. (See Doc. No. 312 at 10.) Furthermore, at the deposition, counsel for

3

Corrections' Defendants stated that he spoke to the Superintendent assistant where he was then incarcerated, who stated that Plaintiff refused to come out of his cell to attend the deposition. (Doc. No. 295-2 at 1–2.) Plaintiff denies that this was the case, but cites to no authority to show that Defendants had any obligation to ensure that he was in attendance at the deposition. (Doc. No. 312 at 3–5.) As Defendants clearly gave Plaintiff advance notice of the deposition, and had good reason to believe that Plaintiff's absence was due to his own choice, there is no basis to find that Plaintiff's inability to attend the deposition was the fault of Defendants. Consequently, this argument is also meritless.

As Plaintiff provides no legal basis for his motion to strike the deposition of Dr. Jageman, the motion must be denied.

      B.      **Motions to Strike Declarations of Defendants**

Plaintiff next moves to strike the declarations of Defendants Cheryl Stanitis, Jill Marhelko, John Muick, Marva Cerullo, and Alice Chipriano. (Doc. Nos. 365, 369, 370, 371, 372.) Plaintiff bases his argument for each motion on the fact that each declaration begins by stating that "the following is true and correct based upon [declarant's] knowledge and belief." (Doc. No. 365 at 1; Doc. No. 369 at 1; Doc. No. 370 at 1; Doc. No. 371 at 1; Doc. No. 372 at 1.) Plaintiff argues that, under Rule 56(c)(4), a declaration must be based on "personal knowledge" and "facts," and Plaintiff argues that each declarant's use of the word "belief" removes their declarations from the realm of knowledge and fact. (See, e.g., Doc. No. 365 at 1–2.)

Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ.

4

P. 56(c)(4). Plaintiff cites to Maldonado v. Ramirez to support his assertion that this rule has been interpreted to require declarations to contain only "facts, rather than opinions, conclusions, or beliefs." (Doc. No. 365 at 1 (citing Maldonado v. Ramirez, 757 F.2d 48, 51 (3d. Cir. 1985)).) However, in that case, the Third Circuit only held that a single affidavit, containing essentially conclusory statements rather than statements of fact, was, standing on its own, insufficient to support a motion for summary judgment. Maldonado, 757 F.2d at 51. While it is also true that "[s]tatements of belief, no matter how sincere, are properly subject to a motion to strike because they do not meet the personal knowledge requirement," this does not mean that a single statement of belief would invalidate an entire declaration. Summy-Long v. Pa. State Univ., No. 6-1117, 2009 WL 811616, at *2, (M.D. Pa. Mar. 26, 2009). Rather, the proper remedy would be to strike the offending portion of the declaration. See id.

In his motions, Plaintiff does not point to any particular statements that would not qualify as a statement of personal knowledge. (See Doc. Nos. 365, 369, 370, 371, 372.) Rather, he simply quotes the boilerplate language used at the beginning of each declaration in which the word "belief" appears. (See id.) Plaintiff thus argues that the mere usage of the word "belief" renders an entire declaration merely a statement of opinion, regardless of the actual statements that were made therein. This argument is self-evidently casuistic and insufficient to support Plaintiff's motion.[1] As Plaintiff has not shown that any actual substantive statements in the declarations in question are conclusory or merely based on opinion, this court must deny his

---

[1] Even if this court were to take this argument seriously, Plaintiff has still overlooked the fact that these declarations were based on the declarant's "personal knowledge and belief," rather than simply "belief." (See, e.g., Doc. No. 340 at 2.) Since "belief" and "knowledge" are joined by the conjunctive "and" in this statement, the declarations are still based on personal knowledge, and thus fulfill the requirement of Rule 56(c)(4).

5

motions to strike.

## III. Conclusion

Thus, for the reasons stated above, Plaintiff's motions to strike will be denied.  An appropriate order will follow.